**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

LEVEL SLEEP LLC,

Plaintiff

v.

DORMEO NORTH AMERICA, LLC; TOP SHOP TV, LLC (dba DORMEO OCTASPRING, LLC); OCTASPRING OPERATIONS US, INC.; and OCTASPRING US, INC.,

Defendants.

CASE NO.: 2:18-CV-120

JURY TRIAL DEMANDED

**LEVEL SLEEP'S EXPEDITED / EMERGENCY OPPOSED MOTION FOR LEAVE TO SERVE LIMITED VENUE-RELATED DISCOVERY ON DEFENDANTS, TO COMPEL DEFENDANTS TO RESPOND TO THAT DISCOVERY, AND FOR EXPEDITED BRIEFING**

## TABLE OF CONTENTS

**Page**

I. INTRODUCTION ....................................................................................................1

II. FACTS ....................................................................................................2

III. ARGUMENT ....................................................................................................7

A. Level Sleep Is Entitled to Venue-Related Discovery from Defendants. ..................7

B. Level Sleep's Proposed Venue-Related Discovery. ..............................................10

C. The Court Should Order Defendants to Pay Level Sleep's Attorney's Fees and Costs for This Motion and the Concurrent Motion to Extend the Opposition Deadline for Defendants' Motion to Dismiss. ....................................11

IV. CONCLUSION ....................................................................................................12

# TABLE OF AUTHORITIES

**Page(s)**

## FEDERAL CASES

*Bd. of Regents of Univ. of Texas v. Medtronic PLC*,
No. A-17-CV-0942-LY, 2018 WL 2353788 (W.D. Tex. May 17, 2018) ..........................5, 11

*Blue Spike, LLC v. Huawei Techs. Co., Ltd.*,
No. 6:13-cv-00679-RWS, slip op. 2 (E.D. Tex. Sept. 30, 2015) .............................................8

*Bristol-Myers Squibb Co. v. Mylan Pharm. Inc.*,
No. CV 17-379-LPS, 2017 WL 3980155 (D. Del. Sept. 11, 2017) ................................8, 9, 10

*Celgene Corp. v. Hetero Labs Ltd.*,
No. CV173387ESMAH, 2018 WL 1135334 (D.N.J. Mar. 2, 2018) .......................................8

*Chambers v. NASCO, Inc.*,
501 U.S. 32 (1991) ....................................................................................................11

*In re Cordis Corp.*,
769 F.2d 733 (Fed. Cir. 1985) .......................................................................6, 10

*In re Cray Inc.*,
871 F.3d 1355 (Fed. Cir. 2017) ........................................................................ *passim*

*EMED Techs., Corp. v. Repro-Med Sys., Inc.*,
No. 2:17-CV-728-WCB-RSP, 2018 WL 2544564 (E.D. Tex. June 4, 2018) ...........................7

*Export Worldwide, Ltd. v. Knight*,
241 F.R.D. 259 (W.D. Tex. 2006) ..........................................................................7

*Galderma Labs., L.P. v. Teva Pharm. USA, Inc.*,
290 F. Supp. 3d 599 (N.D. Tex. 2017) ...................................................................2, 8

*Goodyear Tire & Rubber Co. v. Haeger*,
137 S. Ct. 1178 (2017) ..............................................................................................11

*Intellectual Ventures II LLC v. FedEx Corp.*,
No. 2:16-CV-00980-JRG, 2017 WL 5630023 (E.D. Tex. Nov. 22, 2017) ..........................8, 11

*Javelin Pharm., Inc. v. Mylan Labs. Ltd.*,
No. CV 16-224-LPS, 2017 WL 5953296 (D. Del. Dec. 1, 2017) .............................................8

*Mallinckrodt IP v. B. Braun Med. Inc.*,
No. CV 17-365-LPS, 2017 WL 6383610 (D. Del. Dec. 14, 2017) .......................................8, 9

*Mass Engineered Design, Inc. v. Ergotron Inc.*,
No. 2:06 CV 272, 2008 WL 4873421 (E.D. Tex. Oct. 31, 2008)....11

*Nike, Inc. v. Skechers U.S.A., Inc.*,
No. 3:16-CV-007-PK, 2017 WL 3389022 (D. Or. June 30, 2017) ....7, 10

*Oppenheimer Fund, Inc. v. Sanders*,
437 U.S. 340 (1978)....7

*Precision Fabrics Grp., Inc. v. Tietex Int'l, Ltd.*,
No. 1:13-CV-645, 2017 WL 5176355 (M.D.N.C. Nov. 7, 2017) ....9

*St. Croix Surgical Sys., LLC v. Cardinal Health, Inc.*,
No. 2:17-cv-00500-JRG-RSP, slip op. (E.D. Tex. Feb. 28, 2018) ....7

*Welch Sci. Co. v. Human Eng'g Inst., Inc.*,
416 F.2d 32 (7th Cir. 1969) ....9

*Wi-LAN Inc. v. Lenovo (United States), Inc.*,
No. 17CV365-BEN-MDD, 2017 WL 3194692 (S.D. Cal. July 27, 2017)....9

*Zoch v. Daimler*,
No. 4:17-CV-578, 2018 WL 1306659 (E.D. Tex. Mar. 13, 2018) ....7

**FEDERAL STATUTES**

28 U.S.C. § 1400(b) .... *passim*

**RULES**

Fed. R. Civ. P.
37....7, 11
37(a)(1) ....7
37(a)(2)(B) ....11
37(a)(5) ....11
37(b)....11

Local Rule CV-7(h) ....13

Local Rules CV-7(i)....13

## I. INTRODUCTION

Defendants Dormeo North America, LLC ("Dormeo"), Top Shop TV, LLC ("Top Shop"), Octaspring Operations US, Inc. ("OOUSI"), and Octaspring US, Inc. ("OUSI") (collectively "Defendants") have filed a motion to dismiss the Complaint filed by Plaintiff Level Sleep LLC ("Level Sleep") asserting that venue is improper in this District under 28 U.S.C. § 1400(b). Defendants concede that until at least 2017 they maintained for many years a regular and established place of business in this District with a warehouse and office space located in Plano, Texas. Although Defendants assert in their motion that they no longer do business out of that Plano address, the Dormeo website continued to identify it as the only physical address for Defendants even ***after*** Level Sleep filed its Complaint. Further, to this day Defendants' filings with the State of Texas inform the State and the public that they maintain a business address in Plano, Texas. And after they claim to have ended their lease of their Plano address, the "Dormeo" name was still affixed to the exterior of the building located there. Despite the evidence that Defendants continued to do business in this District after they claim to have left, the Defendants have refused to provide ***any*** limited venue-related discovery to Level Sleep.

Accordingly, Level Sleep brings this motion for an order (a) granting Level Sleep leave to serve the limited venue-related discovery attached to this Motion as Exhibits A-E[1] and (b) compelling Defendants to respond to that discovery. "In deciding whether a defendant has a regular and established place of business in a district, no precise rule has been laid down and each case depends on its own facts." *In re Cray Inc.*, 871 F.3d 1355, 1362 (Fed. Cir. 2017). Because the test is so fact-specific, limited venue discovery into facts relevant to venue is

[1] Unless otherwise indicated, references to "Exhibit __" or "Ex. __" are to exhibits attached to the concurrently filed Declaration of Erik C. Olson In Support of Level Sleep's Expedited / Emergency Opposed Motion for Leave to Serve Limited Venue-Related Discovery on Defendants, To Compel Defendants to Respond to That Discovery, and for Expedited Briefing.

appropriate. *Galderma Labs., L.P. v. Teva Pharm. USA, Inc.*, 290 F. Supp. 3d 599, 605 (N.D. Tex. 2017) ("Because the *Cray* holding clarifies the venue analysis, which is particularly fact-specific, the Court allowed Plaintiffs to conduct limited venue-related discovery.").

Additionally, because the limited discovery should be completed before Level Sleep must file its opposition to Defendants' motion to dismiss, Level Sleep also requests that the Court order expedited briefing on this motion. Level Sleep proposes that Defendants' opposition be due 7 days after the filing of this motion, Level Sleep's reply due 3 days after Defendants' opposition, and any sur-reply due 2 days after Level Sleep's reply.[2] Because Defendants totally refused to cooperate with Level Sleep on venue discovery, an extension of the current deadline for Level Sleep's opposition to the motion to dismiss, or even expedited briefing on these matters, Level Sleep also requests that the Court order Defendants to pay Level Sleep its attorney's fees and costs necessitated by this motion and the concurrently filed motion to extend the deadline for Level Sleep's opposition to Defendants' motion to dismiss.

## II. FACTS

Level Sleep filed its complaint in this action on March 27, 2018. Dkt. 1. On June 11, 2018, Defendants filed a motion to dismiss Level Sleep's complaint for improper venue under 28 U.S.C. § 1400(b). Dkt. 25. Defendants assert that they no longer reside in the Eastern District of Texas "because they are all incorporated in Delaware" and because, according to Defendants, "at the time the Complaint was filed and up to the present, none of the Defendants has had a regular and established place of business in this District." Dkt. 25 at 1.

[2] Because the deadline for Level Sleep's opposition to Defendants' motion to dismiss is currently due on June 25, 2018, Level Sleep is filing concurrently herewith a separate motion to extend that deadline to 60 days after venue discovery opens to allow time for the Court to resolve the present motion and, potentially, for Level Sleep to conduct the discovery requested in this motion before the opposition is due.

In support of their motion, Defendants filed the Declaration of Feng "Frank" Chen. Dkt. 25-1. Mr. Chen claims to be a director of each of Defendants. Dkt. 25-1 ¶¶ 2, 10, 15, 19. Defendants also filed a document that purports to be a termination of a lease by Top Shop of 25,000 square feet in a building located at 1901 10th Street, Plano, Texas 75074. Dkt. 25-2. The Chen Declaration admits, "Prior to on or about April 28, 2017, Dormeo had an office and warehouse space for some of its operations, located at 1901 10th Street, Suite 500, Plano, Texas 75074." Dkt. 25-1 ¶ 7. The Chen Declaration also admits that Top Shop, Dormeo's wholly owned subsidiary, leased this office space at least until November 17, 2017. *Id.* at ¶ 7, 14; *see also* Top Shop Corp. Discl. Stmt. (Dkt. 29). The purported lease termination states that the lease itself was "dated June 18, 2012." Dkt. 25-2 at 1. This document also states that there is a condition precedent to the lease termination taking effect, but does not indicate whether that condition precedent was ever met. *Id.* The document also contains a provision for the possibility that Top Shop might continue to hold over the premises after November 17, 2017. *Id.* at 2. Finally, the Chen Declaration states that "[t]he website at http://www.dormeo.com/ mistakenly listed the address of 1901 10th Street, Suite 500, Plano, Texas 75074 after the lease at that address was terminated on November 17, 2017 . . . ." Dkt. 25-1 ¶ 23. Thus, the Chen declaration raises a number of questions about when and whether the lease was actually terminated; whether the condition precedent to making the termination effective ever occurred; and whether the Defendants exercised any options under the lease to continue operating out of the Plano address after November 17, 2017.

Further, Defendants' motion and the Chen Declaration do not address other evidence suggesting that they continued to do business through the Plano address even after they purportedly left the District in November 2017, which was less than five months before Level

Sleep filed its Complaint. For example, although Defendants admit that they listed the Plano address on their website after November 17, 2017, they fail to mention that the Plano address was the ***only*** physical address listed on the website even ***after the Complaint was filed*** on March 27, 2018. Ex. F (April 6, 2018 website capture) at PDF pp. 45-46 (section titled “Control Your Information”), 56 (section titled “Digital Millennium Copyright Act”), 62. “[A] defendant’s representations that it has a place of business in the district are relevant to the inquiry” of whether it has a regular and established place of business there. *In re Cray*, 871 F.3d at 1363.

Further, Defendants’ motion and the Chen Declaration do not mention that OOUSI registered to do business in Texas on May 16, 2013, for the purpose of “[m]anufacturing of bedding products” and listed the Plano address as its principal address (Ex. G (May 16, 2013 OOUSI Registration)); that OUSI registered to do business in Texas on the same day, also listed the Plano address as its principal office in that filing, and stated that its purpose was the “[p]urchase and distribution of bedding products” (Ex. H (May 16, 2013 OUSI Registration)); that Top Shop registered to do business in Texas on May 31, 2013, stating that it proposed to pursue the “[m]anufacturing and distribution of bedding products,” and also listed the Plano address as its principal office (Ex. I (May 31, 2013 Top Shop Registration)); or that Dormeo registered to do business in Texas at the same Plano address on September 4, 2015 (Ex. J (Sept. 4, 2015 Dormeo Registration To Do Business)). Even after Defendants filed their motion to dismiss, each Defendant ***still*** listed in its corporate filings with the Texas Secretary of State that its mailing address was the Plano address, and most of the Defendants still listed the Plano address as their “Principal office” and “Principal place of business.” Exs. K (Dormeo Nov. 16, 2017 Texas

Franchise Tax Public Information Report)[3], L (Dormeo June 12, 2018 Texas SOS printout), M (Top Shop Nov. 1, 2016 Texas Franchise Tax Public Information Report), N (Top Shop June 12, 2018 Texas SOS printout)[4], O (OOUSI Nov. 1, 2016 Texas Franchise Tax Public Information Report), P (OOUSI June 12, 2018 Texas SOS printout), Q (OUSI Mar. 4, 2016 Texas Franchise Tax Public Information Report), R (OUSI June 12, 2018 Texas SOS printout).[5] These filings, too, are public representations by Defendants that they do business in the Eastern District and are therefore also relevant to whether they have a regular and established place of business here. *In re Cray Inc.*, 871 F.3d at 1363. The press has also reported that Dormeo's "U.S. headquarters and distribution center is located in the Dallas suburb of Plano." Ex. S (Furniture Today, "Sinomax USA acquiring equity stake in Dormeo N.A.") at 2.

Additionally, at least as of December 2017, ***after*** the time Defendants claim to have vacated the Plano address, the exterior of the building located at the Plano address still bore the "Dormeo" name. Ex. T (Google Maps December 2017 photo).[6] This is also a public representation that Dormeo has a regular and established place of business in this District. *In re Cray Inc.*, 871 F.3d at 1363; *Bd. of Regents of Univ. of Texas v. Medtronic PLC*, No. A-17-CV-0942-LY, 2018 WL 2353788, at *3 (W.D. Tex. May 17, 2018) (finding the defendant had a

[3] While this form lists a Houston address as Dormeo's "Principal office" and "Principal place of business," it still lists the Plano address as Dormeo's "Mailing address."
[4] This printout lists "Grand Prairie" in the entity's address instead of "Plano," but that is apparently an error based on a typo in the ZIP code of 75054 (which is a Grand Prairie ZIP code) as opposed to the correct 75074 ZIP Code of the Plano address.
[5] Even if discovery confirms that the Defendants stopped doing business at the Plano address as of November 2017, their conduct of business at that address for periods ranging from 2-plus to 5-plus years constitutes a regular and established place of business in the Eastern District of Texas. *See In re Cray*, 871 F.3d at 1363 ("On the other hand, a five-year continuous presence in the district demonstrates that the business was established for purposes of venue." (citation omitted)); *Bd. of Regents of Univ. of Texas v. Medtronic PLC*, No. A-17-CV-0942-LY, 2018 WL 2353788, at *3 (W.D. Tex. May 17, 2018) ("The court concludes that an 8–year presence reflects a regular and established place of business.").
[6] This December 2017 photo had not been updated on Google Maps as of June 12, 2018.

regular and established place of business in the Western District of Texas where it "represents that it has a place of business in the district, as it lists the San Antonio facility as a place of business on its website, in the telephone and other web-based directories, and has placed its name on a large sign on the exterior of building.").

Defendants' motion and the Chen Declaration also fail to address other facts that are relevant to the venue analysis, such as whether Defendants have any employees located in the Eastern District of Texas and the nature of their employment, or whether Defendants have engaged any third parties located in the Eastern District of Texas and the nature of the services that those third parties have performed for them. *See In re Cray*, 871 F.3d at 1363 ("Another consideration might be whether the defendant conditioned employment on an employee's continued residence in the district or the storing of materials at a place in the district so that they can be distributed or sold from that place."); *see also In re Cordis Corp.*, 769 F.2d 733, 735 (Fed. Cir. 1985) (discussing nature of the defendant's employees' activities in the district in denying petition for writ of mandamus ordering the district court to dismiss the case for improper venue). A preliminary review of social media shows multiple people who claim to be Dormeo employees in the "Dallas/Fort Worth Area," and thus may be residing and performing business operations for Defendants in this District. *See, e.g.*, Ex. U (Karen B. LinkedIn profile), Ex. V (Stephanie Gaines LinkedIn profile).

After receiving Defendants' motion to dismiss, Level Sleep sent Defendants the limited venue-related discovery requests it seeks to serve. Decl. of Erik C. Olson ¶ 2. The parties held a lead-counsel telephonic conference on Level Sleep's requests on June 15, 2018, during which Level Sleep asked Defendants if they would agree to provide the requested venue-related discovery (or any discovery of a more limited scope) as well as an extension of the deadline for

Level Sleep to file its opposition to Defendants' motion to dismiss (currently set for June 25, 2018). *Id*. Defendants refused. *Id*. Defendants also refused Level Sleep's request during the conference call that the present motion be briefed on an expedited basis. *Id*.

## III. ARGUMENT

### A. Level Sleep Is Entitled to Venue-Related Discovery from Defendants.

"[W]here issues arise as to jurisdiction or venue, discovery is available to ascertain the facts bearing on such issues." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 n.13 (1978).

> Rule 37 of the Federal Rules of Civil Procedure allows a discovering party, on notice to other parties and all affected persons, to "move for an order compelling disclosure or discovery." Fed. R. Civ. P. 37(a)(1). The moving party bears the burden of showing that the materials and information sought are relevant to the action or will lead to the discovery of admissible evidence. *Export Worldwide, Ltd. v. Knight*, 241 F.R.D. 259, 263 (W.D. Tex. 2006). Once the moving party establishes that the materials requested are within the scope of permissible discovery, the burden shifts to the party resisting discovery to show why the discovery is irrelevant, overly broad, unduly burdensome or oppressive, and thus should not be permitted. *Id.*

*Zoch v. Daimler*, No. 4:17-CV-578, 2018 WL 1306659, at *1 (E.D. Tex. Mar. 13, 2018). The Court has discretion in ruling on discovery issues, including motions to compel discovery relating to venue under 28 U.S.C. § 1400(b). *Nike, Inc. v. Skechers U.S.A., Inc.*, No. 3:16-CV-007-PK, 2017 WL 3389022, at *1 (D. Or. June 30, 2017) (granting motion to compel venue-related discovery). Courts have routinely ordered such venue-related discovery in patent cases where defendants have brought motions to dismiss for improper venue. *See, e.g., EMED Techs., Corp. v. Repro-Med Sys., Inc.*, No. 2:17-CV-728-WCB-RSP, 2018 WL 2544564, at *1 (E.D. Tex. June 4, 2018) (noting that request for limited venue discovery had been granted for purposes of responding to defendant's motion to dismiss for improper venue); *EMED Techs., Corp. v. Repro-Med Sys., Inc.*, No. 2:17-CV-728-WCB-RSP, slip op. at 1 (E.D. Tex. Feb. 27,

2018) (order granting venue discovery); *St. Croix Surgical Sys., LLC v. Cardinal Health, Inc.*, No. 2:17-cv-00500-JRG-RSP, slip op. at 5 (E.D. Tex. Feb. 28, 2018) (granting venue discovery); *Intellectual Ventures II LLC v. FedEx Corp.*, No. 2:16-CV-00980-JRG, 2017 WL 5630023, at *4 (E.D. Tex. Nov. 22, 2017) (finding that venue-related discovery would have been appropriate but for the defendants' waiver); *Blue Spike, LLC v. Huawei Techs. Co., Ltd.*, No. 6:13-cv-00679-RWS, slip op. 2 (E.D. Tex. Sept. 30, 2015) (granting venue discovery); *Galderma Labs.*, 290 F. Supp. 3d at 605 ("Because the *Cray* holding clarifies the venue analysis, which is particularly fact-specific, the Court allowed Plaintiffs to conduct limited venue-related discovery."); *Celgene Corp. v. Hetero Labs Ltd.*, No. CV173387ESMAH, 2018 WL 1135334, at *4 (D.N.J. Mar. 2, 2018) (granting venue discovery); *Mallinckrodt IP v. B. Braun Med. Inc.*, No. CV 17-365-LPS, 2017 WL 6383610, at *7 (D. Del. Dec. 14, 2017) (same); *Javelin Pharm., Inc. v. Mylan Labs. Ltd.*, No. CV 16-224-LPS, 2017 WL 5953296, at *6 (D. Del. Dec. 1, 2017) (same); *Bristol-Myers Squibb Co. v. Mylan Pharm. Inc.*, No. CV 17-379-LPS, 2017 WL 3980155, at *17, 21-22 (D. Del. Sept. 11, 2017) (same).

"To show that [venue-related] discovery is warranted, a party must, at a minimum, state a 'non-frivolous' basis for venue and do so with 'reasonable particularity.'" *Bristol-Myers Squibb Co.*, 2017 WL 3980155, at *21. Here, Defendants have listed a Plano address on their website and in their corporate filings with the State of Texas as their physical location for years—including after the filing of the Complaint—and placed a sign with the "Dormeo" name on the exterior of the building located at that address (which is still visible on Google Maps). Exs. G-R, T. These are certainly facts sufficient to lead a reasonable plaintiff to believe, as they led Level Sleep to believe, that each Defendant had "a regular and established place of business" in the Eastern District of Texas, both at the time Level Sleep's claims for patent infringement accrued

and at the time of the filing of the Complaint.[7] Additionally, multiple individuals still list Dormeo as their employer on their social media sites and their location as the "Dallas/Forth Worth Area." *See, e.g.,* Exs. U, V. The presence of such employees in this District and the nature of their employment with Dormeo is one of the issues Level Sleep wishes to explore in its requested venue discovery. These facts state "a 'non-frivolous' basis for venue and do so with 'reasonable particularity,'" entitling Level Sleep to conduct the limited venue-related discovery it seeks.[8] *Bristol-Myers Squibb Co.*, 2017 WL 3980155, at *21. Finally, these facts are also more than sufficient to raise questions about the accuracy and completeness of the statements made in the Chen Declaration regarding Defendants' presence in this District. *See Mallinckrodt*, 2017 WL 6383610, at *7 ("[C]ontrary to B. Braun's assertion, Plaintiffs' request for venue discovery has not been 'mooted by B. Braun's sworn declarations . . . .'").

Defendants put the propriety of venue at issue by filing their motion to dismiss and admitting that they have done business in this District for years. Defendants have access to non-public evidence potentially relevant to venue between the time they claim to have left the Plano address in 2017 and the date the Complaint was filed. Level Sleep's discovery is narrowly directed to facts directly relevant to the venue issue, and it should have discovery of those facts before it is forced to respond to Defendants' motion to dismiss. *Bristol-Myers Squibb*, 2017 WL

[7] The parties dispute whether venue under 28 U.S.C. § 1400(b) is determined at the time the plaintiff's claim for patent infringement accrues, as a number of Courts have found, or at the time the complaint is filed, as Defendants assert. *See, e.g., Welch Sci. Co. v. Human Eng'g Inst., Inc.*, 416 F.2d 32, 35 (7th Cir. 1969); *Wi-LAN Inc. v. Lenovo (United States), Inc.*, No. 17CV365-BEN-MDD, 2017 WL 3194692, at *3 (S.D. Cal. July 27, 2017); *Precision Fabrics Grp., Inc. v. Tietex Int'l, Ltd.*, No. 1:13-CV-645, 2017 WL 5176355, at *10 n.15 (M.D.N.C. Nov. 7, 2017). This issue will be addressed in the briefing on Defendants' motion to dismiss. But regardless of when venue is determined, there is no question that facts existing prior to the filing of the Complaint are relevant to the venue analysis, *see footnote 5, supra*, and thus those facts are a proper subject of venue discovery.

[8] Defendants do not contest in their motion to dismiss that they have made, used, sold, or offered for sale mattresses that Level Sleep accuses of infringement at their Plano address.

3980155, at *21 ("Most of the pertinent evidence is in the possession and control of [defendant] MPI (and other Mylan entities), and it is appropriate for [plaintiff] BMS to have an opportunity to discover and test such evidence before the Court finally resolves this issue."). Thus, Level Sleep brings the present motion requesting that (a) the Court issue an order granting it leave to formally serve the limited venue-related discovery attached hereto as Exhibits A-E and (b) compelling Defendants to respond to that discovery within 30 days.

**B. <u>Level Sleep's Proposed Venue-Related Discovery.</u>**

The discovery requests Level Sleep proposes to serve on Defendants (Exs. A-E) seek information relating to the following general topics, each of which is relevant to the fact-intensive venue analysis under 28 U.S.C. § 1400(b), as discussed in the law cited for each topic:

- Defendants' lease of the Plano address, and the nature of the business operations carried out by Defendants at the Plano address prior to Defendants' claimed vacation of that premises. *In re Cray*, 871 F.3d at 1365.
- The nature of any business operations Defendants have carried out in the Eastern District of Texas since April 28, 2017. *In re Cray*, 871 F.3d at 1365; *Nike*, 2017 WL 3389022, at *1–2.
- The identity of any physical location in the Eastern District of Texas from which any business of the Defendants has been carried out since April 28, 2017. *In re Cray*, 871 F.3d at 1362; *Nike*, 2017 WL 3389022, at *3.
- Whether Defendants have any employees located in the Eastern District of Texas, and if so, what the nature of their employment is. *In re Cray*, 871 F.3d at 1363; *In re Cordis Corp.*, 769 F.2d 733, 735 (Fed. Cir. 1985); *Nike*, 2017 WL 3389022, at *2; *Bristol-Myers Squibb*, 2017 WL 3980155, at *21.
- Whether Defendants have engaged any third parties located in the Eastern District of Texas who have performed services for them since April 28, 2017, and if so, the nature of those services. *In re Cray*, 871 F.3d at 1365; *In re Cordis*, 769 F.2d at 735; *Nike*, 2017 WL 3389022, at *2-3; *Bristol-Myers Squibb*, 2017 WL 3980155, at *21.
- Whether Defendants continue to maintain a mailing address in the Eastern District of Texas and what is done with mail received at that address. If not, when Defendants stopped maintaining such a mailing address in the Eastern District of Texas. *In re Cordis*, 769 F.2d at 735; *In re Cray*, 871 F.3d at 1362; *Nike*, 2017 WL 3389022, at *3.

- Whether the "Dormeo" name (or any other name corresponding to any of the Defendants) is still on the building at the Plano address (or on any other building in this District). If not, the date when the name was removed. *In re Cray*, 871 F.3d at 1363; *Medtronic*, 2018 WL 2353788, at *3; *Intellectual Ventures*, 2017 WL 5630023, at *7.

### C. **The Court Should Order Defendants to Pay Level Sleep's Attorney's Fees and Costs for This Motion and the Concurrent Motion to Extend the Opposition Deadline for Defendants' Motion to Dismiss.**

Level Sleep also requests that the Court award it, under Federal Rule of Civil Procedure 37 and this Court's inherent powers, Level Sleep's attorney's fees and costs necessitated by this motion and the concurrently filed motion to extend the deadline for Level Sleep's opposition to Defendants' motion to dismiss. Fed. R. Civ. P. 37(a)(2)(B); Fed. R. Civ. P. 37(a)(5). Level Sleep was required to file this motion because Defendants made clear in the lead counsel meet and confer that they would not provide *any* of the requested discovery, so attorney's fees and costs under Rule 37 are appropriate. Decl. of Erik C. Olson ¶ 2. Additionally, or in the alternative, the Court may require Defendants to pay the same attorney's fees and costs under its inherent authority to "fashion an appropriate sanction for conduct which abuses the judicial process." *Goodyear Tire & Rubber Co. v. Haeger*, 137 S. Ct. 1178, 1186 (2017) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44–45 (1991)) (internal quotation marks omitted); *Mass Engineered Design, Inc. v. Ergotron Inc.*, No. 2:06 CV 272, 2008 WL 4873421, at *3 (E.D. Tex. Oct. 31, 2008) ("Courts are given discretion under Federal Rule of Civil Procedure 37(b) and their inherent powers to impose sanctions for discovery abuse."). Defendants failure to even cooperate on a stipulated extension of time to the deadline for Level Sleep's opposition to Defendants' motion to dismiss or an expedited briefing schedule for the present motion and the motion to extend time has the stamp of a bad faith attempt to "run out the clock" on Level Sleep before the Court can decide the merits of the present motion. These tactics warrant an award of the fees and costs for this motion and the motion to extend time.

## IV. CONCLUSION

For the foregoing reasons, the Court should grant Level Sleep's motion and (a) permit Level Sleep to serve the limited venue-related discovery attached as Exhibits A-E and (b) compel Defendants to respond to that discovery within 30 days. Level Sleep also requests that the Court order expedited briefing on the present motion as follows: Defendants' opposition due 7 days after the filing of this motion; any reply by Level Sleep's due 3 days after the opposition; and any sur-reply of Defendants due 2 days after the reply. Level Sleep also requests that the Court order Defendants to pay Level Sleep its attorney's fees and costs necessitated by this motion and its concurrently filed motion to extend the deadline for its opposition to Defendants' motion to dismiss.

Dates: June 18, 2018

Respectfully submitted,

By: *<u>/s/ Deron R. Dacus</u>*

Deron R. Dacus
State Bar No. 00790553
**The Dacus Firm, P.C.**
821 ESE Loop 323, Suite 430
Tyler, TX 75701
Phone: (903) 705-1117
Fax: (903) 581-2543
ddacus@dacusfirm.com

James L. Day (Cal. Bar No. 197158)
Thomas B. Mayhew (Cal. Bar No.183539)
Erik C. Olson (Cal. Bar No. 260452)
Jeffrey G. Lau (Cal. Bar No. 281629)
**Farella Braun + Martel LLP**
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
Phone: (415) 954-4400
Fax: (415) 954-4480

Counsel for Plaintiff Level Sleep LLC

**CERTIFICATE OF SERVICE**

The undersigned certifies that on June 18, 2018, the foregoing document was served via the Court's electronic filing system on all counsel of record.

Dated: June 18, 2018

*/s/ Deron R. Dacus*

Deron R. Dacus
State Bar No. 00790553
The Dacus Firm, P.C.
821 ESE Loop 323, Suite 430
Tyler, TX 75701
Phone: (903) 705-1117
Fax: (903) 581-2543
ddacus@dacusfirm.com

**CERTIFICATE OF CONFERENCE**

Pursuant to Local Rules CV-7(h) and CV-7(i), counsel for Level Sleep LLC certifies that on June 15, 2018, it met and conferred telephonically with counsel for Defendants pursuant to Local Rule CV-7(h) regarding the subject matter of this motion. James Day, Erik Olson, and Deron Dacus, counsel of record for Plaintiff, participated in the conference for Plaintiff. William Robinson and Justin Sobaje, counsel of record for Defendants, participated in the conference for Defendants. Defendants indicated that they would not agree to any venue-related discovery that Level Sleep had requested and oppose this motion. Defendants also indicated that they would not agree to expedited briefing of the present motion. The discussions have conclusively ended in an impasse, leaving an open issue for the court to resolve.

Dated: June 18, 2018

*/s/ Deron R. Dacus*

Deron R. Dacus
State Bar No. 00790553
The Dacus Firm, P.C.
821 ESE Loop 323, Suite 430
Tyler, TX 75701
Phone: (903) 705-1117
Fax: (903) 581-2543
ddacus@dacusfirm.com