# EXHIBIT A

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| LEVEL SLEEP LLC,<br><br>    Plaintiff<br><br>v.<br><br>DORMEO NORTH AMERICA, LLC; TOP SHOP T.V. LLC (dba DORMEO OCTASPRING, LLC); OCTASPRING OPERATIONS US, INC.; and OCTASPRING US, INC.,<br><br>    Defendants. | CASE NO.: 2:18-CV-120<br><br>JURY TRIAL DEMANDED |

**PLAINTIFF LEVEL SLEEP LLC'S REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS RELATING TO VENUE UNDER FEDERAL RULE OF CIVIL PROCEDURE 34**

33471\6740507.1

Plaintiff Level Sleep LLC hereby serves Requests for Production of Documents Relating to Venue to Defendants Dormeo North America, LLC; Top Shop T.V. LLC (dba Dormeo Octaspring, LLC); Octaspring Operations US Inc.; and Octaspring US, Inc. (collectively "Defendants"). Level Sleep requests that Defendants serve a written response and produce the documents described below that are in and Defendant's possession, custody, or control to Level Sleep's counsel at the offices of Farella Braun + Martel LLP, 235 Montgomery Street, 17th Floor, San Francisco, California 94104 within thirty days after service of these requests.

## DEFINITIONS

1. "Defendant" or "Defendants" includes any and all of Defendants Dormeo North America, LLC, Top Shop T.V. LLC (dba Dormeo Octaspring, LLC), Octaspring Operations US Inc., and Octaspring US, Inc.

2. "Document" means any document, item, calendar invitation, appointment, electronically stored information, or tangible thing that is discoverable under the scope of Federal Rule of Civil Procedure 34.

3. The terms "and" and "or" shall be construed conjunctively or disjunctively as necessary to make the interrogatory inclusive rather than exclusive.

4. The term "all" encompasses "any," and vice versa.

5. The singular includes the plural, and the present tense includes the past tense, and vice versa.

## INSTRUCTIONS

1. These requests cover documents, whether or not admissible, in Defendants' possession, custody or control, wherever such documents are located.

2. Each item produced should bear unique identifying control numbers (e.g. Bates labels) on each item or page if the item is a document.

3. All documents must be produced in the manner in which they are kept in the usual

course of business, or organized and labeled to correspond with the categories in these requests.

4.      Any requested document includes any attachments, envelopes, explanatory notes or memoranda, and any other material that accompanied the document requested.  If the specific document elicited a response, that response is also to be identified and produced.  If the document was itself a response, the document to which it is responding is also to be identified and produced.

5.      If any document is withheld under a claim of privilege or work product protection or on any other basis, provide a detailed privilege log that identifies each document using the unique identifying numbers (e.g. Bates labels) and describes the nature and basis for your claim and the subject matter of the document withheld, in a manner sufficient to disclose the facts upon which you rely in asserting your claim, and to permit the grounds and reasons for withholding the document to be identified.  Such description should include, at a minimum: the date of the document, each and every author, each and every recipient, each and every person the document has been disclosed to, whether the document had any attachment, the present location of the document and all copies thereof, the subject and purpose of the document, and sufficient information to explain the claim of privilege or immunity and permit the adjudication of the propriety of that claim.

6.      If you contend that a portion of a document is subject to being withheld under a claim of privilege or immunity from production or that a portion of a document is non-responsive to the requests below, produce the entire document (including all attachments) with any necessary redactions, and in their place, notations clearly indicating where the redactions were made.

7.      If a document once existed, but has been lost, destroyed, or otherwise is no longer in your possession, identify the document and state the details concerning the loss or destruction of such document, including the name and address of the present custodian of any such document known to you.

8.      If, for any request, you do not have any responsive documents within your

possession, custody or control, you shall so state in its written responses to these requests.

9. Electronically stored information ("ESI") shall be produced in the following formats:

<u>Tiff Format with corresponding native files</u>. All documents, with the exception of those specified below, should be produced as Group IV single page tiff files imaged at 300 dpi. All images are black & white except for those that require color jpg images for interpretation. Certain file types, such as Excel files, do not lend themselves to image conversion and must be produced as native files. A tiff placeholder indicating that the document was provided in native format should accompany the database record. Native file documents must be named per the BegDoc Bates number, and the full path to the file must be provided in the .dat file in a field named NativeFile.

<u>Unique IDs</u>. Each tiff file should be named with a unique name matching the Bates number labeled on the corresponding page. Each tiff will contain a branded Bates number located on the lower right side of each image.

<u>Load Files and Full Text</u>. An image load file (Opticon or Ipro format file) showing document boundaries must be provided. Extracted metadata and full text for each document should be produced in the form of an ASCII delimited .dat file using Concordance delimiters. If extracted text is not available for a document or if it has been redacted, OCR will be performed on each document to provide full text. The metadata fields to be produced for each document will include:

| Field Name | Description |
| --- | --- |
| BegDoc | The Bates label of the first page of the document |
| EndDoc | The Bates label of the last page of the document |
| BegAtt | The Bates label of the first page of a family of documents (e.g., email and attachment) |
| EndAtt | The Bates label of the last page of a family of documents |
| PageCount | The number of pages in the document as rendered to tiff |

| Field Name | Description |
|---|---|
| SortDate | For email, the sent date of the parent message. For loose electronic files, the last modified date |
| SortTime | For email, the sent time of the parent message. For loose files, the last modified time |
| SentDate | For email, the sent date of the message |
| SentTime | For email, the sent time of the message |
| DateLastMod | For efiles or attachments, the document's last modified date or operating system last modified date |
| TimeLastMod | For efiles or attachments, the document's last modified time or operating system last modified time |
| TimeZone | The abbreviation for the time zone used for processing files e.g. PST or GMT |
| Subject | For email: the subject line of the email. For attachments or loose files: the title of the loose native file or attachment from the document's properties |
| Author | For email: the sender of an email message. For loose files or attachments: the author |
| To | The recipients of an email message, in a semi-colon delimited, multi-value list |
| CC | The copyee(s) of an email message, in a semi-colon delimited, multi-value list |
| BCC | The blind copyee(s) of an email message, in a semi-colon delimited, multi-value list |
| Custodian | The custodian in whose file the document was found, and the custodians of any duplicates, in a semi-colon delimited multi-value list |
| MD5 | The calculated MD5 hash value of the document |
| Folder | For email and attachments, the folder path for email messages eg Inbox\Claims. |
| Source | The original file path where the document was stored on defendants' systems. |
| NativeFile | The file path to the location of the corresponding native file in the production |
| FileName | The original file name of an attachment to an email or a loose document not attached to an email |
| FileExt | The file extension of an attachment to an email or a loose document not attached to an email |

10. Any responsive paper documents shall be produced as Group IV page tiff files, and OCR will be performed on each document to provide full text.

11. These requests are continuing in nature, and in the event you become aware of or acquire additional responsive documents, you are requested to produce copies of such documents promptly.

## **REQUESTS FOR PRODUCTION OF DOCUMENTS**

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 1:**

Any Defendant's lease(s) of space located at 1901 10th Street, Plano, Texas 75074 (the "Plano address").

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 2:**

Documents sufficient to show the nature of the business operations carried out by any Defendant at the Plano address prior to Defendants' claimed vacation of that space.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 3:**

Documents sufficient to show the nature of any business operations any Defendant has carried out in the Eastern District of Texas since April 28, 2017.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 4:**

Documents sufficient to identify all physical locations in the Eastern District of Texas from which any business of any Defendant has been carried out since April 28, 2017.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 5:**

Documents sufficient to identify all employees of any Defendant located in the Eastern District of Texas since April 28, 2017, and the nature of their employment by any Defendant.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 6:**

Documents sufficient to identify all third parties any Defendant has engaged who are located in the Eastern District of Texas and who have performed services for any Defendant since April 28, 2017, and the nature of those services.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 7:**

Documents sufficient to identify all mailing addresses in the Eastern District of Texas any Defendant has maintained since April 28, 2017, and what is done with mail received at that address.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 8:**

Documents sufficient to show whether the "Dormeo" name (or any other name corresponding to any of the Defendants) is still on the building at the Plano address (or on any other building in the Eastern District of Texas), and if not, the date when the name was removed.

Dates:  June __, 2018

Respectfully submitted,

By: _____
Deron R. Dacus
State Bar No. 00790553
**The Dacus Firm, P.C.**
821 ESE Loop 323, Suite 430
Tyler, TX  75701
Phone:  (903) 705-1117
Fax:  (903) 581-2543
ddacus@dacusfirm.com

James L. Day (Cal. Bar No. 197158)
Thomas B. Mayhew (Cal. Bar No.183539)
Erik C. Olson (Cal. Bar No. 260452)
Jeffrey G. Lau (Cal. Bar No. 281629)
**Farella Braun + Martel LLP**
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
Phone:  (415) 954-4400
Fax:  (415) 954-4480

Counsel for Plaintiff Level Sleep LLC