# EXHIBIT B

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| LEVEL SLEEP LLC,<br><br>　　　　Plaintiff<br><br>v.<br><br>DORMEO NORTH AMERICA, LLC; TOP SHOP T.V. LLC (dba DORMEO OCTASPRING, LLC); OCTASPRING OPERATIONS US, INC.; and OCTASPRING US, INC.,<br><br>　　　　Defendants. | CASE NO.: 2:18-CV-120<br><br>JURY TRIAL DEMANDED |

**PLAINTIFF LEVEL SLEEP LLC'S REQUEST FOR ADMISSION TO DEFENDANTS RELATING TO VENUE UNDER FEDERAL RULE OF CIVIL PROCEDURE 36**

Pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure, Plaintiff Level Sleep LLC serves on Defendants Dormeo North America, LLC; Top Shop T.V. LLC (dba Dormeo Octaspring, LLC); Octaspring Operations US Inc.; and Octaspring US, Inc. (collectively "Defendants") the following Request for Admission and requests that, within thirty (30) days after service, Defendants answer the Request for Admission fully, in writing and under oath. Plaintiffs further request that Defendants answer this Request for Admission in accordance with the Federal Rules of Civil Procedure, the Local Rules, and the Definitions and Instructions set forth below, and supplement such answers as required by Rule 26(e) of the Federal Rules of Civil Procedure.

## DEFINITIONS

1. "Defendant" or "Defendants" includes any and all of Defendants Dormeo North America, LLC; Top Shop T.V. LLC (dba Dormeo Octaspring, LLC); Octaspring Operations US Inc.; and Octaspring US, Inc.

2. "Document" means any document, item, calendar invitation, appointment, electronically stored information, or tangible thing that is discoverable under the scope of Federal Rule of Civil Procedure 34.

3. The terms "and" and "or" shall be construed conjunctively or disjunctively as necessary to make the request for admission inclusive rather than exclusive.

4. The term "all" encompasses "any," and vice versa.

5. The singular includes the plural, and the present tense includes the past tense, and vice versa.

## INSTRUCTIONS

1. When answering and responding to this Request for Admission, Defendants are requested to base their response on all information known to them or their attorneys, accountants, investigators, representatives, agents, and any other person acting on their behalf. If Defendants cannot admit or deny in full after exercising due diligence to secure the information, admit or

deny to the extent possible, specifying the reason or reasons for Defendants' inability to admit or deny to the remainder.

2. If any information is withheld under a claim of privilege, state the nature of the privilege claimed and provide sufficient information to permit a full determination of whether the claim is valid. For allegedly privileged documents, include: an identification of sender and the recipients of the document; a description of the contents or the nature of the document; the number of the discovery request to which the document is responsive; and an explanation of the basis for the asserted claim of privilege.

3. If Defendants object to any portion or subpart of a request, state Defendants' objection and admit or deny any unobjectionable portion(s) or subpart(s) of the request.

4. If Defendants' refer to a document, Level Sleep requests that Defendants specify the document and paragraph referred to, and attach a copy of the document to Defendants' Response.

5. This Request is to be considered as continuing and Defendants must provide, by way of supplementary responses, such additional information as Defendants or any other person(s) acting on Defendants' behalf may hereafter obtain which will supplement or otherwise modify any answers to the Request.

6. Reference to any person, entity, or party herein includes his, her, or its agents, attorneys, employees, consultants, officers, directors, or others acting on behalf of said person, entity, or party.

## REQUEST FOR ADMISSION

**REQUEST FOR ADMISSION NO. 1:**

Admit that prior to April 28, 2017, Defendants were making, using, selling, offering for sale, and/or importing into the United States at a space located at 1901 10th Street, Plano, Texas 75074 one or more of the mattresses that Level Sleep accuses of infringing U.S. Patent Nos. 6,807,698 and 7,036,172 in its Complaint in this action.

Dates: June __, 2018 			Respectfully submitted,


			By: _____
			Deron R. Dacus
			State Bar No. 00790553
			**The Dacus Firm, P.C.**
			821 ESE Loop 323, Suite 430
			Tyler, TX  75701
			Phone:  (903) 705-1117
			Fax:  (903) 581-2543
			ddacus@dacusfirm.com

			James L. Day (Cal. Bar No. 197158)
			Thomas B. Mayhew (Cal. Bar No.183539)
			Erik C. Olson (Cal. Bar No. 260452)
			Jeffrey G. Lau (Cal. Bar No. 281629)
			**Farella Braun + Martel LLP**
			235 Montgomery Street, 17th Floor
			San Francisco, CA  94104
			Phone:  (415) 954-4400
			Fax:  (415) 954-4480

			Counsel for Plaintiff Level Sleep LLC