# EXHIBIT C

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| LEVEL SLEEP LLC,<br><br>      Plaintiff<br><br>v.<br><br>DORMEO NORTH AMERICA, LLC; TOP SHOP T.V. LLC (dba DORMEO OCTASPRING, LLC); OCTASPRING OPERATIONS US, INC.; and OCTASPRING US, INC.,<br><br>      Defendants. | CASE NO.: 2:18-CV-120<br><br>JURY TRIAL DEMANDED |

**PLAINTIFF LEVEL SLEEP LLC'S INTERROGATORIES TO DEFENDANTS RELATING TO VENUE UNDER FEDERAL RULE OF CIVIL PROCEDURE 33**

33471\6740521.1

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiff Level Sleep LLC serves the following interrogatories and requests that, within thirty (30) days after service, Defendants Dormeo North America, LLC; Top Shop T.V. LLC (dba Dormeo Octaspring, LLC); Octaspring Operations US Inc.; and Octaspring US, Inc.  (collectively "Defendants") answer the interrogatories fully, in writing and under oath.  Level Sleep further requests that Defendants answer these interrogatories in accordance with the Federal Rules of Civil Procedure, the Local Rules, and the Definitions and Instructions set forth below, and supplement such answers as required by Rule 26(e) of the Federal Rules of Civil Procedure.

## DEFINITIONS

1. "Defendant" or "Defendants" includes any and all of Defendants Dormeo North America, LLC, Top Shop T.V. LLC (dba Dormeo Octaspring, LLC), Octaspring Operations US Inc., and Octaspring US, Inc.

2. "Document" means any document, item, calendar invitation, appointment, electronically stored information, or tangible thing that is discoverable under the scope of Federal Rule of Civil Procedure 34.

3. The terms "and" and "or" shall be construed conjunctively or disjunctively as necessary to make the interrogatory inclusive rather than exclusive.

4. The term "all" encompasses "any," and vice versa.

5. The term "including" shall not be construed as limiting any interrogatory, and shall mean the same as "including, but not limited to."

6. The use of the term "the" shall not be construed as limiting the scope of any interrogatory.

7. The singular includes the plural, and the present tense includes the past tense, and vice versa.  The term "identify" is defined as follows:

    (a) "identify," when referring to a person, shall mean to state the full name, address, employer, position or job title, telephone number, email address and any other contact

information.

(b) "identify," when referring to a firm, corporation, company, partnership, joint venture, or other entity which is not a natural person, shall mean to state the entity's full name, place of incorporation (if any), address of its principal place of business, and the person with whom you had direct contact within the entity or organization.

## INSTRUCTIONS

1. These interrogatories call for all information that is known or available to any Defendant, including all information in the possession of or available to any Defendant's attorneys, agents, or representatives, or any investigators or any other person acting on behalf of any Defendant or under the direction or control of any Defendant or its attorneys or agents.

2. If Defendants cannot answer any interrogatory fully and completely after exercising due diligence to make inquiry and secure the information necessary to do so, please so state and answer each such interrogatory to the fullest extent that Defendants deem possible, specify the portion of such interrogatory that Defendants claims they are unable to answer fully and completely, state the facts (and, where applicable, the legal bases) upon which Defendants rely to support its contention that it is unable to answer that interrogatory fully and completely, and state what knowledge, information, and belief Defendants have concerning the unanswered portion of each such interrogatory.

3. Reference to any person, entity, or party herein includes his, her, or its agents, attorneys, employees, consultants, officers, directors, or others acting on behalf of said person, entity, or party.

4. These interrogatories are deemed to be continuing such as to require Defendants to file and to serve supplemental answers should Defendants learn of additional information responsive to these interrogatories between the time Defendants' responses are served and the time of trial; supplemental responses are required to be served within a reasonable time after the discovery of such additional information.

## INTERROGATORIES

**INTERROGATORY NO. 1:**

Identify the dates any Defendant owned, leased, rented, possessed, occupied and/or used space located at 1901 10th Street, Plano, Texas 75074 (the "Plano address"), and describe in detail the nature of the business that any Defendant carried out at the Plano address during that time.

**INTERROGATORY NO. 2:**

Identify all physical locations in the Eastern District of Texas from which any business of any Defendant has been carried out since April 28, 2017, and describe in detail the nature of that business.

**INTERROGATORY NO. 3:**

Identify all employees of any Defendant located in the Eastern District of Texas since April 28, 2017, and describe in detail the nature of their employment by any Defendant.

**INTERROGATORY NO. 4:**

Identify all third parties any Defendant has engaged who are located in the Eastern District of Texas and who have performed services for any Defendant since April 28, 2017, and describe in detail the nature of those services.

Dates:  June __, 2018                     Respectfully submitted,


                                          By: _____
                                          Deron R. Dacus
                                          State Bar No. 00790553
                                          **The Dacus Firm, P.C.**
                                          821 ESE Loop 323, Suite 430

        Tyler, TX  75701
        Phone:  (903) 705-1117
        Fax:  (903) 581-2543
        ddacus@dacusfirm.com

        James L. Day (Cal. Bar No. 197158)
        Thomas B. Mayhew (Cal. Bar No.183539)
        Erik C. Olson (Cal. Bar No. 260452)
        Jeffrey G. Lau (Cal. Bar No. 281629)
        **Farella Braun + Martel LLP**
        235 Montgomery Street, 17th Floor
        San Francisco, CA  94104
        Phone:  (415) 954-4400
        Fax:  (415) 954-4480

        Counsel for Plaintiff Level Sleep LLC