**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| LEVEL SLEEP LLC,<br><br>       Plaintiff<br><br>v.<br><br>DORMEO NORTH AMERICA, LLC; TOP SHOP T.V. LLC (dba DORMEO OCTASPRING, LLC); OCTASPRING OPERATIONS US, INC.; and OCTASPRING US, INC.,<br><br>       Defendants. | CASE NO.: 2:18-CV-00120 RWS<br><br>JURY TRIAL DEMANDED |

**PLAINTIFF LEVEL SLEEP LLC'S EXPEDITED / EMERGENCY OPPOSED MOTION
FOR EXTENSION OF TIME TO RESPOND TO DEFENDANTS'
<u>MOTION TO DISMISS COMPLAINT</u>**

**I.     INTRODUCTION**

On June 11, 2018, Defendants Dormeo North America, LLC ("Dormeo"), Top Shop TV, LLC ("Top Shop"), Octaspring Operations US, Inc. ("OOUSI"), and Octaspring US, Inc. ("OUSI") (collectively "Defendants") filed a motion to dismiss the Complaint, alleging that venue is improper in this District.  *See* Dkt. 25.  Plaintiff Level Sleep LLC's ("Plaintiff" or "Level Sleep") opposition is currently due on June 25, 2018.  Local Rule CV-7(e).  Because many of the factual representations in the motion to dismiss conflict with publicly available information about the Defendants, Level Sleep asked Defendants to stipulate to an extension of the motion to dismiss opposition deadline to allow Level Sleep to conduct limited venue-related discovery.  Defendants refused to provide this extension and refused to provide any venue-related discovery that Level Sleep has requested, forcing Level Sleep to bring this motion, as well as the concurrently filed motion for leave to serve the requested venue-related discovery and to compel Defendants to respond to it.  Defendants also refused to brief the present motion on an expedited basis.  Level Sleep requests this Court to extend its deadline to respond to Defendants' motion to dismiss to 60-days after venue-related discovery opens, and for a shortened briefing schedule for this instant motion, with any opposition Defendants file to be due on Thursday, June 21, and no reply or surreply allowed, so that the Court may decide the motion in advance of the current deadline for Level Sleep's opposition to Defendants' motion to dismiss.

**II.    FACTS**

In their motion to dismiss, Defendants allege that venue is improper in this district because allegedly (1) none of them resides in the Eastern District of Texas, as "they are all incorporated in Delaware" and (2) "at the time the Complaint was filed and up to the present, none of the Defendants has had a regular and established place of business in this District."  Dkt. 25 at 1.  Yet, as explained in Plaintiff Level Sleep LLC's Emergency Opposed Motion for Leave

to Serve Limtied Venue-Related Discovery on Defendants, To Compel Defendants to Respond to That Discovery, and for Expedited Briefing ("Motion to Compel"), filed concurrently with this motion, publicly available informtion suggests otherwise. *See generally* Motion to Compel at 3-6. For example, although Defendants claim that they vacated their Plano, TX location in November 2017, the only physical address listed for Dormeo on its website as of April 6, 2018—after the Complaint was filed in this case—was the Plano location. Motion to Compel at 4. Moreover, as of June 12, 2018, each Defendant still used the Plano location as its "mailing address," "Principal office," or "Principal place of business" in their filings with the Texas Secretary of State. *Id.* at 4-5. And, at least as of December 2017, the exterior of the Plano building Defendants allegedly vacated in November 2017 still bore Dormeo's name. *Id.* at 5-6.

In light of these facts, Level Sleep is seeking venue-related discovery from Defendants. *See generally* Motion to Compel. To allow enough time to complete the venue-related discovery, Level Sleep requested from Defendants an extension of its deadline to respond to the motion to dismiss. Declaration of Erik C. Olson in Support of Plaintiff Level Sleep LLC's Motion for Extension of Time to Respond to Defendants' motion to Dismiss Complaint ¶ 2. Defendants refused. *Id.* ¶ 3.

### III.    ARGUMENT

"[W]here issues arise as to jurisdiction or venue, discovery is available to asertain the facts bearing on such issues." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978); *see also Evolutionary Intelligence, LLC v. Facebook, Inc.*, No. 6:12-cv-784, 2013 WL 12144118, at *2 (E.D. Tex. Feb. 27, 2013) (allowing Plaintiff to conduct venue-related discovery after several defendants filed motions to transfer). To allow venue-related discovery to occur in light of a defendant's motion to dismiss or transfer, courts have routinely granted plaintiffs opposing such motions extensions of time to file their oppositions. *See, e.g.*, *Evolutionary Intelligence*,

2013 WL 12144118, at *2 (granting 60 day extension); *Abbott v. Lockheed Martin Corp.*, No. 3:06-cv-701-MJR, 2006 WL 6914829, at *1 (S.D. Ill. Nov. 8, 2006) (also granting 60 day extension); *see also EMED Techs., Corp. v. Repro-Med Sys., Inc.*, No. 2:17-CV-728-WCB-RSP, slip op. at 1 (E.D. Tex. Feb. 27, 2018) (order permitting Plaintiff to file supplemental brief supporting venue within sixty days from the day venue-related discovery begins); *St. Croix Surgical Sys., LLC v. Cardinal Health, Inc.*, No. 2:17-cv-00500-JRG-RSP, slip op. at 5 (E.D. Tex. Feb. 28, 2018) (granting venue discovery and dismissing defendant's motion to dismiss without prejudice to re-urging the motion in sixty days).  As explained above and in greater detail in Plaintiff's Motion to Compel, publicly available information regarding the extent of Defendants' business activities in this District call into question many of the factual assertions in Defendants' motion to dismiss.  *See* Motion to Compel at 3-6.  Level Sleep should therefore be given an opportunity to conduct limited venue-related discovery to test the veracity of the claims made in Defendants' motion to dismiss.  To ensure that Level Sleep has enough time to conduct this discovery, Level Sleep requests that the deadline for it to respond to Defendants' motion to dismiss be extended to 60 days after venue-related discovery opens.

Moreover, because Level Sleep's current deadline to respond to the motion to dismiss is June 25, 2018 Level Sleep requests that Defendants' opposition to the present motion be due on June 21, 2018, and no reply or surreply briefs allowed, so that the Court has an opportunity to decide the motion before the current deadline for Level Sleep's opposition to Defendants' motion to dismiss.

### IV.   CONCLUSION

For the foregoing reasons, Level Sleep requests that (1) the deadline for it to respond to Defendants' motion to dismiss be extended to 60 days after venue-related discovery opens; and

4

(2) that Defendants' opposition to the present motion be due on June 21, 2018, and no reply or surreply briefs allowed.

Dates:  June 18, 2018 Respectfully submitted,

By: */s/ Deron R. Dacus*
Deron R. Dacus
State Bar No. 00790553
**The Dacus Firm, P.C.**
821 ESE Loop 323, Suite 430
Tyler, TX  75701
Phone:  (903) 705-1117
Fax:  (903) 581-2543
ddacus@dacusfirm.com

James L. Day
California State Bar No. 197158
**Farella Braun + Martel LLP**
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
Phone:  (415) 954-4400
Fax:  (415) 954-4480

Counsel for Plaintiff Level Sleep LLC

5

## CERTIFICATE OF SERVICE

The undersigned certifies that on June 18, 2018, the foregoing document was served via the Court's electronic filing system on all counsel of record.

Dated: June 18, 2018                    */s/ Deron R. Dacus*
                                        Deron R. Dacus
                                        State Bar No. 00790553
                                        The Dacus Firm, P.C.
                                        821 ESE Loop 323, Suite 430
                                        Tyler, TX  75701
                                        Phone:  (903) 705-1117
                                        Fax:  (903) 581-2543
                                        ddacus@dacusfirm.com

**CERTIFICATE OF CONFERENCE**

Pursuant to Local Rules CV-7(h) and CV-7(i), counsel for Level Sleep LLC certifies that on June 15, 2018, it met and conferred telephonically with counsel for Defendants pursuant to Local Rule CV-7(h) regarding the subject matter of this motion.  James Day, Erik Olson, and Deron Dacus, counsel of record for Plaintiff, participated in the conference for Plaintiff.  William Robinson and Justin Sobaje, counsel of record for Defendants, participated in the conference for Defendants.  Defendants indicated that they would not agree to an extension of Plaintiffs' deadline to respond to Defendants' Motion to Dismiss Complaint (Dkt. 25) and oppose this motion.  Defendants also indicated that they would not agree to expedited briefing of the present motion.  The discussions have conclusively ended in an impasse, leaving an open issue for the court to resolve.

| | |
|---|---|
| Dated: June 18, 2018 | */s/ Deron R. Dacus* |
| | Deron R. Dacus |
| | State Bar No. 00790553 |
| | The Dacus Firm, P.C. |
| | 821 ESE Loop 323, Suite 430 |
| | Tyler, TX  75701 |
| | Phone:  (903) 705-1117 |
| | Fax:  (903) 581-2543 |
| | ddacus@dacusfirm.com |