**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

LEVEL SLEEP LLC,

Plaintiff,

v.

DORMEO NORTH AMERICA, LLC; TOP SHOP T.V. LLC (dba DORMEO OCTASPRING, LLC); OCTASPRING OPERATIONS US, INC.; and OCTASPRING US, INC.,

Defendants.

CASE NO. 2:18-CV-00120 RWS

**DEFENDANTS' COMBINED RESPONSE TO:**

**(A) LEVEL SLEEP'S EXPEDITED / EMERGENCY OPPOSED MOTION FOR LEAVE TO SERVE LIMITED VENUE-RELATED DISCOVERY ON DEFENDANTS, TO COMPEL DEFENDANTS TO RESPOND TO THAT DISCOVERY, AND FOR EXPEDITED BRIEFING (DKT. 31); AND**

**(B) LEVEL SLEEP'S EXPEDITED / EMERGENCY OPPOSED MOTION FOR EXTENSION OF TIME TO RESPOND TO DEFENDANTS' MOTION TO DISMISS COMPLAINT (DKT. 33)**

## TABLE OF CONTENTS

I. INTRODUCTION ........................................................................................................ 1

II. BACKGROUND ........................................................................................................ 2

A. The Venue Allegations in the Complaint ........................................................ 2

B. The Facts Demonstrate Improper Venue ........................................................ 2

C. Meet and Confer Following Defendants' Motion to Dismiss ................................ 4

D. Additional Allegations in Plaintiff's Current Motion ........................................ 5

1. The Google Maps Photo Is Irrelevant ........................................................ 5

2. The Condition Precedent in the Lease Is Irrelevant ...................................... 6

3. The State Registrations and Article Are Irrelevant ...................................... 6

4. Two Dormeo Employees Are Irrelevant ...................................................... 7

5. The Website Address Is Irrelevant ............................................................ 7

III. THERE IS NO BASIS FOR VENUE-RELATED DISCOVERY .................................... 7

A. The Venue Standard for Rule 12(b)(3) ......................................................... 7

B. The Standards For Venue-Related Discovery .................................................. 8

C. Plaintiff Fails To Demonstrate Entitlement To Venue Discovery ......................... 10

D. Plaintiff's Proposed Venue Related Discovery is Overly Broad ........................... 12

E. Plaintiff's Request For Attorney's Fees or Costs Should Be Denied .................... 13

IV. THERE IS NO NEED FOR THE EXTENSION PLAINTIFF SEEKS ........................... 14

V. CONCLUSION ........................................................................................................ 14

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Bristol-Myers Squibb Co. v. Mylan Pharm. Inc.*,
No. CV 17-379-LPS, 2017 WL 3980155 (D. Del. Sept. 11, 2017).....8, 9

*CAO Lighting, Inc. v. Light Efficient Design*,
No. 4:16-cv-00482-DCN, 2017 U.S. Dist. LEXIS 170052 (D. Idaho Oct. 11, 2017).....8

*In re Cray*,
871 F.3d 1355 (Fed. Cir. 2017).....7, 8, 12

*Due's Wrecker Serv. v. Metro Tow Trucks (Can.) Ltd.*,
No. 16-13, 2016 U.S. Dist. LEXIS 128129 (E.D. Tex. Aug. 30, 2016).....10

*Eurofins Pharma U.S. Holdings v. BioAlliane Pharma SA*,
623 F.3d 147 (3d Cir. 2010).....9

*Fox Factory, Inc. v. SRAM, LLC*,
No. 3:16-cv-00506-WHO, 2018 U.S. Dist. LEXIS 3281 (N.D. Cal. Jan. 8, 2018).....10

*Freeman v. United States*,
556 F.3d 326 (5th Cir. 2009).....10

*JPW Indus. v. Olympia Tools Int'l, Inc.*,
No. 3:16-cv-03153-JPM, 2017 U.S. Dist. LEXIS 167312 (M.D. Tenn. Oct. 10, 2017).....8

*Kaia Foods, Inc. v. Bellafiore*,
70 F. Supp. 3d 1178 (N.D. Cal. 2014).....10

*Kelly v. Syria Shell Petroleum Dev. B.V.*,
213 F.3d 841 (5th Cir. 2000).....10

*Nat'l Sur. Corp. v. Ferguson Enters.*,
No. 13-204, 2014 U.S. Dist. LEXIS 153243 (N.D. Tex. Oct. 8, 2014).....10

*Niazi v. St. Jude Med. S.C., Inc.*,
No. 17-cv-183-jdp, 2017 U.S. Dist. LEXIS 183849, 2017 WL 5159784 (W.D. Wis. Nov. 7, 2017).....9

*Pers. Audio, LLC v. Google, Inc.*,
280 F. Supp. 3d 922 (E.D. Tex. 2017).....8

*Post Consumer Brands, LLC v. Gen. Mills, Inc.*,
No. 4:17-CV-2471 SNLJ, 2017 U.S. Dist. LEXIS 178307 (E.D. Mo. Oct. 27, 2017) ....8, 9

*Precision Fabrics Grp., Inc. v. Tietex Int'l, Ltd.*,
No. 1:13-CV-645, 2017 WL 5176355 (M.D.N.C. Nov. 7, 2017)....8

*Soverain IP, LLC v. AT&T Servs.*,
No. 2:17-CV-00293-RWS, 2017 U.S. Dist. LEXIS 207551 (E.D. Tex. Dec. 18, 2017) ....9, 10

*Soverian IP, LLC v. AT&T, Inc.*,
No. 2:17-CV-00293-RWS-RSP, 2017 U.S. Dist. LEXIS 186656 (E.D. Tex. Oct. 31, 2017) ....10

*Symbology Innovations, LLC v. Lego Sys.*,
158 F. Supp. 3d 916 (E.D. Va. 2017) ....9

*Talsk Research, Inc. v. Evernote Corp.*,
No. 16-CV-2167, 2017 U.S. Dist. LEXIS 157760 (N.D. Ill. Sep. 26, 2017) ....8

*Unity Opto Tech. Co. v. Lowe's Home Ctrs., LLC*,
No. 18-cv-27-jdp, 2018 U.S. Dist. LEXIS 75632 (W.D. Wis. May 4, 2018)....9

*Welch Scientific Co. v. Human Engineering Institute, Inc.*,
416 F.2d 32 (7th Cir. 1969) ....8

*Wi-LAN Inc. v. Lenovo (United States), Inc.*,
No. 17CV365-BEN-MDD, 2017 WL 3194692 (S.D. Cal. July 27, 2017)....8

**Statutes**

28 U.S.C. § 1927....14

Texas Business Organizations Code § 9.009....11

**Other Authorities**

Fed. R. Civ. P. 12(b)(3)....2, 7

## I. INTRODUCTION

Defendants Dormeo North America, LLC ("Dormeo"), Top Shop TV, LLC ("Top Shop"), Octaspring Operations US, Inc. ("Octaspring OP"), and Octaspring US, Inc. ("Octaspring USI") (collectively "Defendants") submit this combined Response to Plaintiff Level Sleep LLC's ("Plaintiff") expedited motions for venue-related discovery and for an extension of time to respond to Defendants' motion to dismiss. The Motions should be denied.

Plaintiff's allegations regarding venue in its Complaint (Dkt. 1) have been squarely refuted by a declaration (Dkt. 25-1) by Mr. Frank Chen, a Director of the four Defendants, and associated "Termination of Lease" (Dkt. 25-2). As against the declaration, Plaintiff has no good faith basis that the Defendants had a regular and established place of business in this District at the time of filing of the Complaint. Plaintiff repeatedly points to a single alleged office in Plano, Texas, but the Chen Declaration (Dkt. 25-1) and "Termination of Lease" (Dkt. 25-2) confirms that the space was vacated and the lease ended well before the filing date of the Complaint. No discovery will change the lack of a physical place in this District when the Complaint was filed. While Plaintiff now points to certain records and speculates about a couple of employees that might be present in this District, such conjecture cannot change the fact that there was no physical place of the Defendants in this District at the time the Complaint was filed. Moreover, such conjecture does not meet the particularity required for opening venue discovery.

Plaintiff's proposed discovery should also be denied for being a costly and unreasonable fishing expedition. The discovery proposed by Plaintiff (Dkt. 31-3, 31-4, 31-5, 31-6, 31-7) is impermissibly broad because it seeks irrelevant information about the Defendants going back nearly a year before the Complaint was filed, whereas venue is determined based on the circumstances existing at the time of filing of the Complaint.

Plaintiff's extension of time request to respond to the complaint is similarly meritless, as Plaintiff does not need an extension now because Plaintiff did no physical inspection of the alleged Plano office prior to suit. Moreover, any bad faith conduct is this action has been by Plaintiff and thus any fees should be assessed against Plaintiff.

## II. BACKGROUND

### A. The Venue Allegations in the Complaint

On March 27, 2018, Plaintiff filed the Complaint (Dkt. 1) against Defendants. The Complaint accuses Defendants of infringing U.S. Patent Nos. 6,807,698 and 7,036,172. Complaint ¶ 1. The only allegations in the Complaint concerning venue are found in ¶¶ 5-8, 11, and 14. The Complaint nowhere alleges any state of incorporation for any named Defendant. *Id*. The *only* principal place of business alleged in the Complaint is for Dormeo North America, LLC, and is alleged to be Plano, Texas. *Id.* at ¶ 5. The Complaint otherwise vaguely alleges that "defendants have a regular and established place of business in this District including a principal place of business located in Plano (1901 10th Street, Suite 500, Plano, Texas, 75074)." *Id*. at ¶ 11. Individual paragraphs 6-8 of the Complaint do not allege that Top Shop, Octaspring OP, or Octaspring USI have a principal place of business in Plano. *Id*. at ¶¶ 6-8. The Complaint nowhere mentions the location of any employee or any third party engaged by any of the Defendants. *Id*. at ¶¶ 5-8, 11, 14.

### B. The Facts Demonstrate Improper Venue

On June 11, 2018, Defendants filed a Fed. R. Civ. P. 12(b)(3) Motion to Dismiss Complaint. Dkt. 25. Attached as Exhibit A to the Motion to Dismiss was the Declaration of Feng "Frank" Chen (Dkt. 25-1), the Chairman of the Board of Directors of Dormeo and a Director for Top Shop, Octaspring OP, and Octaspring USI. Dkt. 25-1 at ¶¶ 2, 10, 15, 19. An earlier draft of that Declaration was even supplied to Plaintiff's counsel well in advance of the Motion, as Defendants had hoped to resolve venue without motion practice.[1]

As Mr. Chen explains, each Defendant is incorporated in Delaware. *Id*. at ¶¶ 4, 12, 17, 21. Mr. Chen states that Dormeo shut down its operations at 1901 10th Street, Suite 500, Plano, Texas, 75074 on or about April 28, 2017, and *moved out* of that location prior to November 17,

[1] *See* May 21, 2018 email from Defendant's counsel Robinson to Plaintiff's counsel Dacus, (Robinson Ex. 1). All exhibits are attached to the accompanying Declaration of William J. Robinson.

2017. *Id*. at ¶ 7. Mr. Chen explains that Top Shop was leasing this space, but terminated its lease on November 17, 2017. *Id*. at ¶¶ 7, 8. Exhibit 1 to the Chen Declaration is a "Termination of Lease" (Dkt. 25-2) establishing this termination. *Id*. at ¶¶ 7, 8, 14. Mr. Chen further explains that since November 17, 2017, Dormeo and Top Shop have not had any place of business or physical presence in Plano, Texas. *Id*. at ¶¶ 6, 7, 14.

Mr. Chen further states the following facts that existed as of March 27, 2018 (*i.e.*, the date of filing of the Complaint) and have remained true to the present:

(a) *none of the Defendants do any business in this District* through a permanent and continuous presence in this District;

(b) *none of the Defendants have a physical presence or address in this District* in terms of an office from which representatives conduct business within this District;

(c) none of the Defendants own, lease, use, possess, or have an interest in any real property in this District; and

(d) none of the Defendants maintain bank accounts, inventory, demonstration equipment, or other real property in this District.

*Id*. at ¶¶ 1, 5, 13, 18, 22.

Mr. Chen also states that there was no physical presence for any of the Defendants in the Eastern District after November 17, 2017, and that the Defendants did not manufacture anything in the Eastern District of Texas after November 17, 2017. *Id*. at ¶¶ 23, 26. Mr. Chen explains that the principal place of business for Dormeo and the office address of Top Shop and Octaspring USI is 3151 Briarpark Drive, Suite 1220, Houston, Texas 77042. *Id*. at ¶¶ 4, 12, 21.[2]

Mr. Chen explained that the website at http://www.dormeo.com/ mistakenly continued to list the address of 1901 10th Street, Suite 500, Plano, Texas, 75074 after the lease at that address was terminated in November 2017. *Id*. at ¶ 23. Mr. Chen stated that the website at

[2] Mr. Chen also explains that Octaspring OP previously had a physical place of business in Winchester, VA until March 2018, at which time it shut down its operation. *Id*. at ¶ 17. Mr. Chen further states that the Defendants never owned or operated any retail stores. *Id*. at ¶ 25.

http://www.dormeo.com/ had been corrected to remove the Plano, Texas address. *Id*. at ¶ 24.

**C. Meet and Confer Following Defendants' Motion to Dismiss**

Following the May 21, 2018 email (Robinson Ex. 1), counsel for Plaintiff sent an e-mail to counsel for Defendants on June 14, 2018 (Robinson Ex. 2) with a long list of discovery sought by Plaintiff including requests for production, interrogatories, requests for admission, and two depositions, which is reflected in the Exhibits filed with Plaintiff's motion. Dkt. 31-3, 31-4, 31-5, 31-6, 31-7. Almost all of the requests and deposition topics requested information going back to April 28, 2017, nearly a *year before the filing date of the Complaint*. *Id*.

On June 15, the parties held a meet and confer, the results of which are summarized in a June 15, 2018 email string. (Robinson Ex. 3). Plaintiff has *deliberately* failed to attach that email string because it undercuts their position on the merits of venue discovery and demonstrates the specious nature of its fee request. At the meeting, and as confirmed in the June 15 email string, Defendants explained that the discovery requested by Plaintiff was impermissibly broad because it requested information going back to April 28, 2017, whereas venue is determined at the time of filing the Complaint, which was March 27, 2018.

Defendants also explained that the "Termination of Lease" and Chen Declaration demonstrated that none of the Defendants had a place of business in this District when the Complaint was filed. When Defendants asked whether Plaintiff had *any* basis to dispute that Defendants vacated the office space in Plano, Texas prior to the filing of the Complaint, all that Plaintiff could point to was an electronic Google "fly-by" picture of the building in Plano taken at an unknown date showing a sign for Dormeo on the building. Upon further questioning, Plaintiff admitted that they had never actually visited the building. (As discussed *infra*, Defendants have.) While Plaintiff also pointed to Defendants being registered to do business in Texas, Defendants explained that, according to the case law, being registered to do business in a state does not affect the venue determination.

Defendants challenged Plaintiff to provide case support for venue-related discovery. As the June 15 email string reflects, the cases Plaintiff supplied were inapposite. The cases

Defendants supplied in response demonstrated that Plaintiff's conjecture did not entitle it to discovery. The final email in the string ended with Defendants advising Plaintiff that "because of the utter lack of merit in your discovery requests, we did not agree to them and, for the same reason, did not agree to expedited briefing on the issue."

**D. Additional Allegations in Plaintiff's Current Motion**

On June 18, 2018, Plaintiff filed its motion (Dkt. 31) seeking leave to serve venue-related discovery. In its motion, Plaintiff (a) points to the "fly-by" Google photo, (b) questions whether Defendants' lease for the Plano property really ended, (c) points to certain tax and Secretary of State records, (d) mentions two LinkedIn profiles of Dormeo employees, and (e) raises the issue of the address on a website. The Chen Declaration and public information, however, confirm that these items are all from the wrong date period or are otherwise irrelevant to venue.

**1. The Google Maps Photo Is Irrelevant**

The Google photo shows a "Dormeo" sign on the building in question. While there is a December 2017 date associated with the photo, Plaintiff has no photo as of the date of the Complaint. Defendants physically examined the space on June 21, 2018 as per the attached Declaration of Brandon Parker. As the photos attached to the Parker declaration reflect, there is *no Dormeo sign* on the building. (Parker Decl. at 3). The photos of Suite 500, which is the Suite referenced in the Complaint, further show the logo with the initials "PTS," not that of Defendants. *Id*. at 2, 4, 5. There is a building permit[3] in the front window of the suite, issued to "Pacific Technical Sol." and carrying an issuance date of December 13, 2017. *Id*. at 4. A copy

[3] The building permit in the front window of the suite includes the following web address for "eTrakIT" to obtain more information: http://planotrakit.plano.gov/etrakit3/. The building permit in the front window shows the permit number as BLD17-20065. By entering that building permit number into the search screen for permits at the web address (as maintained by the City of Plano), an online permit with additional information is provided, a copy of which is attached as Robinson Ex. 5. The on-line permit information shows that the Permit Sub-Type is a "Certificate of Occupancy," the Description box states "Pacific Technical Sol #500," and the Site address is indicated as "1901 10th St 500 Plano, TX 75074." The on-line permit further indicates the Applied Date as "12/8/2017" and the Issued Date as "12/13/2017."

of the website for the company Pacific Technical Solutions, Inc. from the Internet Archive dated March 7, 2018 shows that their address is listed as 1901 10th Street, Suite 500, Plano, Texas, 75074. (Robinson, Ex. 4). Defendants are simply not in Plano.

**2. The Condition Precedent in the Lease Is Irrelevant**

Plaintiff also points to a "condition precedent" in the "Termination of Lease" (Ex. 25-2) needed for the lease to terminate early and posits whether Top Shop continued to hold over the premises. *Id*. at 3. First, the full term of the lease was only until *December 31, 2017*, as reflected in the Termination of Lease even without the "condition precedent." Dkt. 25-2 at ¶ A. Second, the building permit (Parker Dec. at 4) shows that PTS *already took over* the space by mid-December. Thus, the lease is of no help to Plaintiff in establishing venue or to justify venue-related discovery.

**3. The State Registrations and Article Are Irrelevant**

Plaintiff submits various registrations to do business in Texas that are dated from 2013 and 2015. Dkt. 31-9, 31-10, 31-11, 31-12. These *2013* and *2015* records obviously do not establish an address for Defendants at the time of filing of the Complaint on March 27, *2018*.[4] Plaintiff also points to various Texas Franchise Tax Public Information Reports for the Defendants that are dated in either 2016 or 2017. Dkt. 31-13, 31-15, 31-17, 31-19. Again, those reports provide no information about the address of the Defendants at the time of the filing of the Complaint on March 27, 2018. The current Franchise Tax statements, obviously deliberately omitted by Plaintiff, show a Houston address.[5] Finally, the press article pointed to by Plaintiff

---

[4] Plaintiff provides print-outs from the Texas Secretary of State database as purporting to show the office address in Plano, Texas as the address for the Defendants. Dkt. 31-14, 31-16, 31-18, 31-20. Those addresses, however, are showing the old address that was no longer used by Defendants at the time of filing of the Complaint. As discussed *infra*, the Texas Secretary of State *does not* require foreign entities to file a change of address each time an entity moves.

[5] See the current Franchise Tax Account Status records from the Texas Office of the Comptroller. (Robinson Ex. 6). The Franchise Tax Account Status records for Top Shop, Octaspring OP, and Octaspring USI list the mailing address as 3151 Briarpark Dr., STE 1220 Houston, TX 77042. *Id*. The Franchise Tax Account Status record for Dormeo lists the mailing address as 1999 Bryan St STE 900 Dallas, TX 75201, which is the address of its registered agent CT Corporation System. *Id*.

has a date of August 13, 2015, and thus provides no information about the address of the Defendants at the time of the filing of the Complaint on March 27, 2018. Dkt. 31-21.

**4. Two Dormeo Employees Are Irrelevant**

Plaintiff submits LinkedIn profiles for two employees and conjectures they may be residing and performing business operations for Defendants in this District. Such an approach suffers from two problems. First, the Chen declaration confirms that there is no office of the Defendants in this District. Second, as discussed *infra* relative to *In re Cray,* 871 F.3d 1355 (Fed. Cir. 2017) employees working in a district does not establish venue.

**5. The Website Address Is Irrelevant**

Plaintiff points to the website http://www.dormeo.com listing the Plano address after the Complaint was filed. As discussed supra, the Chen declaration confirms how the website mistakenly listed the address after the office space was vacated and the lease was terminated, and how the website has been corrected to remove the Plano address. Dkt. 25-1 at ¶ 23-24. Plaintiff has not established any impropriety in the Chen Declaration.[6] An incorrect website listing hardly establishes a "physical place in the district" and "of the defendant" under *Cray*.

**III. THERE IS NO BASIS FOR VENUE-RELATED DISCOVERY**

**A. The Venue Standard for Rule 12(b)(3)**

Defendants' motion to dismiss sets forth the legal standard for venue in patent cases, including discussing *TC Heartland* and the cases applying *Cray*. *Cray* sets forth a three-part test, requiring that: (1) there must be a physical place in the district; (2) this place must be a regular and established place of business; and (3) the physical place must be the place of the defendant. *Cray*, 871 F.3d at 1360. Such facts as a corporation allowing its employees to work from their homes in a district does not establish venue. *Id*. at 1364-65 ("The fact that Cray allowed its

[6] Moreover, as discussed *supra*, even if a website of a defendant lists a place of business, that is not enough to establish the existence of a "physical place" if the defendant is not using the place as a regular and established place of business.

employees to work from the Eastern District of Texas is insufficient [for establishing venue].").[7] Similarly, contact with third parties in a district does not establish venue in the district.[8]

Importantly, venue is examined at the time of filing of the complaint. *Pers. Audio, LLC v. Google, Inc.*, 280 F. Supp. 3d 922 (E.D. Tex. 2017), and Plaintiff's cases seeking to dispute that venue is judged at the time of filing the complaint pre-date *Personal Audio*.[9]

**B. The Standards For Venue-Related Discovery**

As Plaintiff recognizes, "[t]o show that [venue-related] discovery is warranted, a party must, at a minimum, state a 'non-frivolous' basis for venue and do so with 'reasonable particularity.'" *Bristol-Myers Squibb Co. v. Mylan Pharm. Inc.*, No. CV 17-379-LPS, 2017 WL

[7] In *Cray*, there was no indication that the corporation owned, leased, or rented any portion of the employee's home in the Eastern District of Texas, no evidence indicating that the corporation played a part in selecting the employee's location, stored inventory or conducted demonstrations there, or conditioned employment or support on the maintenance of an Eastern District of Texas location, and no evidence showing the corporation believed a location within the Eastern District of Texas to be important to the business performed, or that it had any intention to maintain some place of business in that district in the event their employees decided to terminate their residences as a place where they conducted business. *Id.*; *See also Post Consumer Brands, LLC v. Gen. Mills, Inc.*, No. 4:17-CV-2471 SNLJ, 2017 U.S. Dist. LEXIS 178307, at *5 (E.D. Mo. Oct. 27, 2017) ("the fact that GM and/or GMSales have a handful of employees and contractors in the district does not satisfy the requirement that defendant have a 'physical' place of business in the district.").

[8] *See Talsk Research, Inc. v. Evernote Corp.*, No. 16-CV-2167, 2017 U.S. Dist. LEXIS 157760, at *12-13 (N.D. Ill. Sep. 26, 2017) ("The Federal Circuit's decision in *Cray* leaves no room for Plaintiff to argue that the handful of non-employee, independent contractors present in this District constitute a 'regular and established place of business' for Defendant within the meaning of § 1400(b)."); *CAO Lighting, Inc. v. Light Efficient Design*, No. 4:16-cv-00482-DCN, 2017 U.S. Dist. LEXIS 170052, at *7-9 (D. Idaho Oct. 11, 2017) (concluding that the defendant did not have a regular and established place of business in Idaho even though its sales representatives visited Idaho occasionally and the preferred partner distributors had physical locations in Idaho); *JPW Indus. v. Olympia Tools Int'l, Inc.*, No. 3:16-cv-03153-JPM, 2017 U.S. Dist. LEXIS 167312, at *7-8 (M.D. Tenn. Oct. 10, 2017) (defendant's business relationships with distributors, retailers, and consumers in the district did not constitute a regular and established place of business).

[9] Plaintiff relies on *Welch Scientific Co. v. Human Engineering Institute, Inc.*, 416 F.2d 32 (7th Cir. 1969), *Wi-LAN Inc. v. Lenovo (United States), Inc.*, No. 17CV365-BEN-MDD, 2017 WL 3194692, at *3 (S.D. Cal. July 27, 2017), and *Precision Fabrics Grp., Inc. v. Tietex Int'l, Ltd.*, No. 1:13-CV-645, 2017 WL 5176355, at *10 (M.D.N.C. Nov. 7, 2017). But, the *Wi-LAN* case cites the now-vacated *Raytheon* decision and the *Welch* case that was disapproved of in *Personal Audio*. *Precision* merely cites *Welch* and *Wi-LAN*. Plaintiff's cited cases have an incorrect reading of the statute as explained in *Personal Audio*. *Pers. Audio*, 280 F. Supp. 3d at 930-31.

3980155, at *21 (D. Del. Sept. 11, 2017); Dkt. No. 31 at 8.[10] Venue related discovery is not appropriate unless the plaintiff first makes a *prima facie* showing that venue is proper.[11] A plaintiff should *not* be permitted to conduct venue related discovery when it has *failed to provide facts that controvert a defendant's declaration demonstrating improper venue*.[12] That, of course, is precisely the situation here with the Chen declaration and the Plaintiff's failure to provide relevant facts that controvert it.

Venue-related discovery should also be denied where: (a) a plaintiff fails to identify a basis for believing that discovery will show that any of the defendants have a place of business in the district;[13] (b) there is no suggestion that the plaintiff's venue-establishing facts exist;[14] (c) plaintiff provides no basis for a good faith argument that defendant has a regular and established

---

[10] *Bristol-Myers* further explains that "[t]he law is … clear … that a plaintiff may not 'undertake a fishing expedition based only upon bare allegations, under the guise of jurisdictional discovery.'" *Bristol-Myers*, 2017 WL 3980155, at *21 (quoting *Eurofins Pharma U.S. Holdings v. BioAlliane Pharma SA*, 623 F.3d 147, 157 (3d Cir. 2010)).

[11] *Unity Opto Tech. Co. v. Lowe's Home Ctrs., LLC*, No. 18-cv-27-jdp, 2018 U.S. Dist. LEXIS 75632, at *6-7 (W.D. Wis. May 4, 2018) ("[Plaintiff] asks for discovery related to venue, but discovery is not appropriate unless the [plaintiff] first makes a *prima facie* showing that venue is proper.") (citing *Niazi v. St. Jude Med. S.C., Inc.*, No. 17-cv-183-jdp, 2017 U.S. Dist. LEXIS 183849, 2017 WL 5159784, at *4 (W.D. Wis. Nov. 7, 2017)); *Niazi*, 2017 U.S. Dist. LEXIS 183849, at *12 ("If a plaintiff could demand discovery in any district in which he filed a lawsuit, without first making a *prima facie* showing, it would waste the parties' and the court's resources, encourage plaintiffs to engage in forum shopping, and force defendants to litigate in inconvenient forums without any justification.").

[12] *Soverain IP, LLC v. AT&T Servs.*, No. 2:17-CV-00293-RWS, 2017 U.S. Dist. LEXIS 207551, at *3-4 (E.D. Tex. Dec. 18, 2017) ("Nor is the Court persuaded that Soverain should be permitted to conduct venue-related discovery, especially in the face of AT&T Services, Inc.'s uncontroverted declaration"); *Symbology Innovations, LLC v. Lego Sys.*, 158 F. Supp. 3d 916, 934 (E.D. Va. 2017) (denying venue related discovery because "There is no indication of impropriety in Lego Systems' three sworn declarations … Symbology fails to identify any source of information or fact that would change the Court's analysis of whether Lego Systems has a regular and established place of business in this District.").

[13] *Niazi*, 2017 U.S. Dist. LEXIS 183849, at *13, denying venue related discovery because "Niazi has not identified any basis for believing that discovery will show that any of the defendants have a place of business in this district." *Niazi* explained that there is "no reason to apply a more lenient standard" for venue related discovery than for discovery in the context of personal jurisdiction. *Id*. at *11-12.

[14] *See Post Consumer Brands*, 2017 U.S. Dist. LEXIS 178307, at *6 ("Moreover, because there is no suggestion that formal separation of corporate entities has not been preserved, this Court declines to grant Post's request for discovery on this matter.").

place of business in the district;[15] and/or (d) where the plaintiff's arguments would be insufficient to establish venue even if they turned out to be true.[16] Such rulings track Fifth Circuit rulings on jurisdictional discovery that apply a similar approach.[17]

### C. Plaintiff Fails To Demonstrate Entitlement To Venue Discovery

Plaintiff's request for venue related discovery should be denied. Plaintiff has not made a *prima facie* showing that venue is proper, especially taking into account the Chen Declaration and other evidence publicly available to Plaintiff when it filed its Complaint. Moreover, Plaintiff's arguments would be insufficient to establish venue even if true and Plaintiff should not be permitted to undertake a fishing expedition. As discussed, the Complaint alleges simply that Dormeo has a principal place of business located in Plano, Texas, and that "defendants" "have a regular and established place of business in this District including a principal place of business located in Plano (1901 10th Street, Suite 500, Plano, Texas, 75074)." Complaint at

[15] *Fox Factory, Inc. v. SRAM, LLC*, No. 3:16-cv-00506-WHO, 2018 U.S. Dist. LEXIS 3281, at *12 (N.D. Cal. Jan. 8, 2018) (denying discovery because "FOX has provided no basis for a good faith argument that SRAM has a regular and established place of business in this district.").

[16] *Id*. at *10-12 (denying discovery to determine whether any employees reside in the district because a corporate defendant must have more contact with a venue than simply doing business there and the mere presence of sales representatives is insufficient); *Kaia Foods, Inc. v. Bellafiore*, 70 F. Supp. 3d 1178, 1187 (N.D. Cal. 2014) (denying plaintiff's request for venue discovery when it "offered nothing ... that lead[] the Court to believe that venue discovery w[ould] change the result on th[e] issue."); *Soverian IP, LLC v. AT&T, Inc.*, No. 2:17-CV-00293-RWS-RSP, 2017 U.S. Dist. LEXIS 186656, at *3 (E.D. Tex. Oct. 31, 2017), adopted by 2017 U.S. Dist. LEXIS 207551 (E.D. Tex. Dec. 18, 2017) ("Even if venue-related discovery revealed an interdependence between AT&T Services and AT&T Inc., as Soverain suggests, this would not be sufficient to impute any AT&T Services place of business to AT&T Inc.").

[17] A plaintiff must make "a preliminary showing of jurisdiction" to support a request for jurisdictional discovery. *Due's Wrecker Serv. v. Metro Tow Trucks (Can.) Ltd.*, No. 16-13, 2016 U.S. Dist. LEXIS 128129, at *8 (E.D. Tex. Aug. 30, 2016). A request for jurisdictional discovery is required to be specific and a plaintiff seeking such discovery "is expected to identify the discovery needed, the facts expected to be obtained thereby, and how such information would support personal jurisdiction." *Nat'l Sur. Corp. v. Ferguson Enters.*, No. 13-204, 2014 U.S. Dist. LEXIS 153243, at *3 (N.D. Tex. Oct. 8, 2014). Importantly, "[w]hen the lack of personal jurisdiction is clear, discovery would serve no purpose and should not be permitted." *Kelly v. Syria Shell Petroleum Dev. B.V.*, 213 F.3d 841, 856 (5th Cir. 2000). In *Freeman v. United States*, 556 F.3d 326, 342 (5th Cir. 2009), the Fifth Circuit ruled that "A party is not entitled to jurisdictional discovery if the record shows that the requested discovery is not likely to produce the facts needed to withstand a Rule 12(b)(1) motion."

¶¶ 5, 11. This is the sole address that Plaintiff relies on to allege that venue is proper in this District.[18]

The Chen Declaration, however, explains that Dormeo shut down its operations at 1901 10th Street, Suite 500, Plano, Texas, 75074 on or about April 28, 2017, and the lease for that location was terminated in November 2017. None of the Defendants were located in Plano Texas at the time of filing of the Complaint on March 27, 2018. Plaintiff thus has no reasonable basis showing that Defendants had a physical place of business that is "of the Defendants" in this District in light of the Chen Declaration and "Termination of Lease." Plaintiff's "condition precedent" argument relative to the lease has been demonstrated to be without merit because the lease would have terminated on December 31, 2017 even if the condition was not met, which was before the filing date of the Complaint, and a new tenant took occupancy of the office location by mid-December 2017.

Such evidence simply dooms Plaintiff's: (a) conjecture that Top Shop may have continued the lease or held over the premises after the lease terminated; (b) reliance on the website; and (c) reliance on a December 2017 Google Maps fly-by photo of the building with a "Dormeo" sign.[19] Plaintiff would have realized these points had it simply visited the site before filing suit, as Defendants now have, as confirmed in the Parker Declaration.

Plaintiff's reliance on pre-2018 state corporate registration filings and tax filings listing the Plano address, and the fact that the Texas Secretary of State website still lists the Plano address for each of the Defendants is of a similar ilk. The filings do not establish an address in March 2018 (when the Complaint was filed), and the Texas Business Organizations Code (BOC)

---

[18] While the Complaint broadly refers to "retail stores located in Texas and Oklahoma," the Complaint makes no allegation about retail stores being located in this district, much less that any Defendant owned or operated any of the retail stores and, as discussed *supra*, locations of separate distributors or retailers do not constitute a regular and established place of business for a corporation.

[19] The December 2017 date is only days after the lease terminated, so plainly it just took some time to take down the sign.

§ 9.009 and associated Form 406 for the Texas BOC make clear that a change to a principal place of business does not require an amendment to the registration with the Secretary of State. Moreover, the Texas Comptroller website shows that Top Shop and the Octaspring entities mailing address is Houston. For Dormeo, the Comptroller records show a mailing address of the registered agent (CT) in Dallas, and the Plaintiff's own 2017 Franchise Tax Public Information Report shows a principal place of business for Dormeo in Houston.

Lastly, Plaintiff's focus on employees and any third parties engaged by Defendants is misplaced because, as discussed *supra*, even if a corporation allows its employees to work from their homes in a district, that is insufficient to establish venue in that district.

In sum, because Plaintiff has not made a *prima facie* showing that venue is proper, and none of Plaintiff's purported evidence contradicts the Chen Declaration, Plaintiff's request for venue related discovery should be denied.

**D. Plaintiff's Proposed Venue Related Discovery is Overly Broad**

In addition to not meeting the tests for venue-related discovery, Plaintiff's proposed venue related discovery is overly broad and is exactly the type of "fishing expedition" that courts have warned against and to which Defendants objected as confirmed in the June 15, 2018 email. Plaintiff has proposed requests for production, interrogatories, requests for admission, and two depositions including a deposition of Frank Chen and a Rule 30(b)(6) deposition. The discovery topics proposed by Plaintiff go exceedingly beyond simply confirming whether Defendants had a physical place of business at 1901 10th Street, Suite 500, Plano, Texas, 75074 on the date the Complaint was filed.

If the Court is inclined to award any venue-related discovery in this case, which Defendants do not believe is warranted, the Court should limit Plaintiff to no more than three interrogatories confirming the nature and extent of business of the Defendants at the 1901 10th Street office space since November 2017 and the work conducted by the two employees following the guidance in *Cray*. Plaintiff's request to take broad-ranging discovery of all kinds, going back to April 28, 2017 (even though the Complaint was filed on March 27, 2018), is

excessive and overly broad.

**E. Plaintiff's Request For Attorney's Fees or Costs Should Be Denied**

Plaintiff's request for fees and costs is simply outlandish and should be denied. As confirmed in the June 15, 2018 email: (a) Plaintiff had (and still has) no facts to controvert the Chen declaration; (b) Plaintiff's proffered cases in the email string did not (and the instant motion does not) justify venue-related discovery; (c) the discovery sought in the email and via the instant motion is excessive in volume and overboard from a time frame standpoint.

Plaintiff also never even bothered prior to the Complaint (or prior to filing its motion) to see if Defendants were at the Plano address. The burden to establish venue in an action is on the plaintiff. Plaintiff completely failed its Rule 11 obligations to do a proper pre-filing investigation of venue. Plaintiff's reliance on Google Map fly-bys done at uncertain dates did not meet that obligation. Plaintiff even admitted that no building inspection was *ever* performed, which would have revealed the building permit in the front window with the information that the new tenant "Pacific Technical Sol" was issued a certificate of occupancy permit in December 2017.

As described, Plaintiff is not entitled to venue-related discovery by fiat and instead must make a *prima facie* showing that venue is proper. The extension of time requested by Plaintiff was not a simple request for a few days but rather a request for an entire period of extensive discovery. Plaintiff's request for a fishing expedition was and is clearly not a proper showing. Thus, any sanctions should be awarded against Plaintiff because any "bad faith" lies entirely with Plaintiff. Defendant's pushing back against discovery that was neither factually nor legally appropriate was completely justified.

Moreover, Plaintiff falsely accuses Defendants of a trying to "run out the clock." That assertion is absurd. Plaintiff could have – and should have – included a request for venue related discovery in a timely response to Defendants' motion to dismiss; and, if the court granted that request, Plaintiff would have been afforded time for discovery. Instead, Plaintiff has chosen to improperly multiply the proceedings with its waterfall of motion papers. Such conduct violates,

*inter alia*, 28 U.S.C. § 1927, as there was no reason for it.

## IV. THERE IS NO NEED FOR THE EXTENSION PLAINTIFF SEEKS

Plaintiff's motion for an extension is not a typical one, seeking a few days or a week, to submit its substantive opposition to Defendants' motion to dismiss the Complaint. Instead, Plaintiff seeks an extension until 60 days after the Court rules on Plaintiff's motion for venue-related discovery and presumably opens discovery.

As demonstrated above, Plaintiff is not entitled to discovery on venue. Plaintiff has failed to provide facts that contradict the Chen Declaration and Termination of Lease, as well as publicly available evidence. Defendants did not have an adequate presence in this District at the time Plaintiff filed its complaint to establish that venue is proper. Defendants explained this point to Plaintiff in communications before Plaintiff brought its present motions, as the email chain reflects. Plaintiff has had sufficient time to respond to the motion and, as such, Plaintiff's motion for extension of time should be denied.

## V. CONCLUSION

For each and all of the foregoing reasons, Defendants respectfully submit that Plaintiff's motions should be denied.

Respectfully submitted,

Dated: June 21, 2018

*/s/ William J. Robinson*

William J. Robinson
Justin M. Sobaje
**FOLEY & LARDNER LLP**
555 South Flower Street, Suite 3500
Los Angeles, CA 90071-2411
Tel: 213.972.4500
Fax: 213.486.0065
email: wrobinson@foley.com
jsobaje@foley.com

Pavan K. Agarwal
**FOLEY & LARDNER LLP**
3000 K Street, N.W., Suite 500
Washington, D.C. 20007-5143
Tel: 202.672.5300
Fax: 202.672.5399
email: pagarwal@foley.com

Clyde M. Siebman
**SIEBMAN, BURG, PHILLIPS & SMITH LLP**
300 N. Travis Street
Sherman, TX 75090
Tel: 903.870.0070
Fax: 903.870.0066
email: clydesiebman@siebman.com

Mitchell P. Brook (*pro hac vice*)
**BROOK LAW GROUP, P.C.**
348 Olive Street
San Diego, CA 92103
Tel: 619.335.8728
email: mbrook@brooklawgroup.com

Attorneys for Defendants **DORMEO NORTH AMERICA, LLC; TOP SHOP TV LLC; OCTASPRING OPERATIONS US, INC.; and OCTASPRING US, INC.**

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was filed electronically on June 21, 2018, in compliance with Local Rule CV-5(a). As such, this document was served on all counsel who have consented to electronic service.

*/s/ William J. Robinson*
William J. Robinson