**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| LEVEL SLEEP LLC,<br><br>    Plaintiff<br><br>v.<br><br>DORMEO NORTH AMERICA, LLC; TOP SHOP T.V. LLC (dba DORMEO OCTASPRING, LLC); OCTASPRING OPERATIONS US, INC.; and OCTASPRING US, INC.,<br><br>    Defendants. | CASE NO.: 2:18-CV-00120 RWS<br><br>JURY TRIAL DEMANDED |

**PLAINTIFF LEVEL SLEEP LLC'S OPPOSITION TO
DEFENDANTS' FED. R. CIV. P. 12(b)(3) MOTION TO DISMISS COMPLAINT**

**TABLE OF CONTENTS**

I. INTRODUCTION ...............................................................................................................1

II. BACKGROUND .................................................................................................................2

III. LEGAL STANDARD ..........................................................................................................3

IV. ARGUMENT .......................................................................................................................5

    A. Venue Is Proper in This District Under Section 1400(b) .........................................5

        1. Defendants Committed Patent Infringement in This District ......................5

        2. Defendants Had a Regular and Established Place of Business in This District When Infringing and Suit Was Filed a Reasonable Time Thereafter ...............................................................................................6

    B. The Court Should Not Entertain Defendants' Motion to Dismiss Without Permitting Venue Discovery ....................................................................................8

    C. If the Court Ultimately Determines That Venue Is Not Proper in This District, It Should Transfer the Case .........................................................................9

V. CONCLUSION ....................................................................................................................9

## I.  INTRODUCTION

In March 2018, when Plaintiff filed this action, Defendants' representations to the public indicated that they had a regular and established place of business in this District located in Plano, Texas.  For example, the only address listed on Defendants' website (www.dormeo.com) at that time was 1901 10th Street, Plano, Texas, 75074.  Defendants also identified their business address in public filings with the Texas Secretary of State at the same Plano address.  Relying on these representations, Plaintiff hired local counsel in this District, paid admission fees in this District, and filed suit in this District.  Yet Defendants now seek to run away from their public representations asking this Court to dismiss the Complaint based on the argument that venue is improper in this District.  *See* Dkt. 25.

Defendants' attempt to avoid having to answer for their infringement in this District should be rejected.  Defendants admit that they have had a regular and established place of business in this District for years and only assert that they left this District on November 17, 2017.  Even accepting Defendants' assertion as true (and Plaintiff has had no opportunity to conduct discovery to test it),[1] this lawsuit was filed within a reasonable time after November 17, 2017.  Under 28 U.S.C. § 1400(b), venue is therefore proper in this District and Defendants' motion to dismis should be denied.  Moreover, publicly available information suggests that Defendants maintained a regular and established place of business in this District well after November 17, 2017, and potentially even after Plaintiff filed this case.  Thus, at a minimum, this Court should deny the motion to dismiss without prejudice and allow Plaintiff to take venue-related discovery.  Finally, should the court determine that venue-related discovery is not

---

[1]  Plaintiff filed a motion seeking leave to conduct venue discovery to provide a complete record for Defendants' motion to dismiss. Dkt. 31.  The Court has not yet ruled on Plaintiff's motion.

warranted and that venue is not proper in this District, the case should be transferred to the Southern District of Texas where Defendants have admitted venue is proper.

## II. BACKGROUND

Plaintiff Level Sleep LLC brought this suit against defendants Dormeo North America, LLC ("Dormeo"), Top Shop TV, LLC ("Top Shop"), Octaspring Operations US, Inc. ("OOUSI"), and Octaspring US, Inc. ("OUSI") (collectively "Defendants") on March 27, 2018, alleging that Defendants infringe U.S. Patent Nos. 6,807,698 and 7,036,172 by making, using, offering or sale, and selling in the United States and/or importing into the United States infringing mattresses, such as their Octaspring mattresses. (Dkt. 1 at ¶¶ 15-42.)

Defendant Dormeo entered the North American market in 2012 and established its U.S. headquarters and distribution center at the Plano address. (Dkt. 25-1 ¶¶ 7, 14 (indicating that Dormeo leased the Plano address from Top Shop); Dkt. 25-2 at 1 (indicating that Top Shop's lease for the Plano address began in June 2012); *see also* Dkt. 31-21.) Defendants Top Shop, OOUSI, and OUSI each filed an "Application for Registration of a Foreign For-Profit Corporation" in May 2013 indicating that their "Principal Office" was located at the Plano address as did defendant Dormeo in September 2015. (Dkts. 31-9 to 31-12.) Defendants, in their Texas Franchise Tax Public Information Reports filed between March 2016 and November 2017, continued to list the Plano address as their "Principal office," "Principal place of business," and/or "Mailing address." (Dkts. 31-13, 31-15, 31-17, and 31-19.)

Defendants allege that they vacated the Plano address on November 17, 2017. (Dkt. 25-1 ¶¶ 7, 14.) Yet at least as late as December 2017, the name "DORMEO" was still affixed to the exterior of the building at the Plano address. (Dkt. 31-22.) Moreover, Defendants continued to represent to the public that they were located at the Plano address even after the filing of this lawsuit. For example, the Plano address was the only physical address listed on the Dormeo

website as of April 6, 2018.  (Dkt. 31-8 at PDF pages 46, 47, 49, 56, 62.)  In addition, the only address listed for each of the Defendants at the Texas Secretary of State's website as of June 12, 2018 was also the Plano address.  (Dkts. 31-14, 31-16, 31-18, 31-20.)  And publicly available information about Defendants' employees from June 18, 2018 indicates that they work in the "Dallas/Fort Worth Area," which falls within this District.  (Dkts. 31-23, 31-24.)

### III.  LEGAL STANDARD

Venue is appropriate in any judicial district "where the defendant has committed acts of infringement and has a regular and established place of business."  28 U.S.C. § 1400(b).  Three elements must be satisfied to show that a defendant has a "regular and established place of business" in a particular district: "(1) there must be a physical place in the district; (2) it must be a regular and established place of business; and (3) it must be the place of the defendant."  *In re: Cray Inc.*, 871 F.3d 1355, 1360 (Fed. Cir. 2017).  "[U]nder the patent venue statute, venue is properly lodged in the district if the defendant had a regular and established place of business at the time the cause of action accrued and suit is filed within a reasonable time thereafter."  *Welch Sci. Co. v. Human Eng'g Inst., Inc.*, 416 F.2d 32, 35 (7th Cir. 1969).

Defendants allege that the standard articulated in *Welch* is "incorrect."  (Mot. at 11 n. 4.)  Relying on *Personal Audio, LLC v. Google, Inc.*, 280 F. Supp. 3d 922 (E.D. Tex. 2017), Defendants argue that venue "is analyzed based on the circumstances that exist as of the date suit is filed."  (Mot. at 6-8.)  But *Personal Audio* made clear that it was not in conflict with *Welch*.  In fact, the court in *Personal Audio* recognized that "[f]rom the point of view of a court of equity, this interpretation [the *Welch* rule] seems reasonable and fair" and explicitly left open the possibility that there may be "some equitable leeway in § 1400(b)."  *Personal Audio*, 280 F. Supp. 3d at 931.  And indeed, multiple courts, both before and after the Supreme Court's decision in *TC Heartland v. Kraft*, 137 S. Ct. 1514 (U.S. 2017), have held that the venue

requirements of § 1400(b) are satisfied in a judicial district where the defendant had a regular and established place of business at the time the cause of action accrued and suit is filed within a reasonable time thereafter. *See ParkerVision, Inc. v. Apple, Inc.*, No. 3:15-cv-1477-J-39JRK, slip op. at 16-17 (M.D. Fla. Mar. 8, 2018)[2]; *Precision Fabrics Grp., Inc. v. Tietex Int'l, Ltd.*, 2017 WL 5176355, at *11 (M.D.N.C. Nov. 7, 2017); *Wi-LAN Inc. v. Lenovo (U.S.), Inc.*, 2017 WL 3194692, at *3 (S.D. Cal. July 27, 2017); *Raytheon Co. v. Cray, Inc.*, 258 F. Supp. 3d 781, 787 (E.D. Tex. 2017) (vacated on other grounds in *In re: Cray*, 871 F.3d 1355 (Fed. Cir. 2017)); *San Shoe Trading Corp. v. Converse Inc.*, 649 F. Supp. 341, 345 (S.D.N.Y. 1986); *Datascope Corp. v. SMEC, Inc.*, 561 F. Supp. 787 (D.N.J. 1983). This standard adheres to the Federal Circuit's admonition against applying inflexible, narrow rules to the venue analysis: "In deciding whether a defendant has a regular and established place of business in a district, no precise rule has been laid down and *each case depends on its own facts*." *In re: Cray*, 871 F.3d at 1361 (emphasis added); *see also ParkerVision*, slip op at 16-17.

Defendants argue that "strict interpretation" of Section 1400(b) must be applied and requires that venue be determined based exclusively on the facts existing on the date suit is filed has been rejected by other courts. (*See* Dkt. 25 at 7 & n. 2.) For example, as the Seventh Circuit explained in *Welch*:

> We are not holding that a defendant charged with patent infringement can be sued in any district where he has never had an established place of business. Rather, we hold that a defendant cannot establish a business in a particular judicial district and then abandon or sell it without remaining amenable to suit for venue purposes in that district for a reasonable time. Such an interpretation does not violate the requirements of a narrow reading of the patent venue statute in *Fourco Glass Co. v. Transmirra Products Corp.*, 353 U.S. 222, 77 S.Ct. 787, 1 L.Ed.2d 786 (1957).

---

[2] For ease of reference, the *Parker Vision* slip opinion is provided as Exhibit B to the Declaration of James L. Day filed herewith.

4

*Welch*, 416 F.2d 35-36. Similarly, the court in *San Shoe Trading* stated that "once a defendant has availed himself of the benefits of doing business in a district, he should not be able to retreat to his home forum simply by closing up shop before plaintiff has an opportunity to file a complaint." 649 F. Supp. at 344. Yet adopting Defendants' "strict interpretation" of Section 1400(b) would allow precisely that. For example, an infringer conducting business in a judicial district for decades could quickly exist to avoid facing a threatened patent lawsuit in that district. Nothing in Section 1400(b) demand such an inequitable result, which would undoubtedly lead to gamesmanship by accused infringers.

While neither the Supreme Court nor the Federal Circuit has addressed the precise issue raised by Defendants' motion, the rule set out in *Welch* and followed by courts in this district and elsewhere is the more appropriate, more flexible, and more equitable rule for determining whether venue is proper in this District.

## IV. ARGUMENT

### A. Venue Is Proper in This District Under Section 1400(b)

#### 1. Defendants Committed Patent Infringement in This District

In its complaint, Level Sleep alleges that Defendants infringe the asserted patents by "making, using, offering for sale, and selling in the United States and/or importing into the United States infringing products including at least its Octaspring mattresses," including by manufacturing the mattresses in this District and selling them from retail stores in Texas and Oklahoma. (Dkt. 1 ¶¶ 14, 18, 32.) This allegation alone satisfies the "acts of infringement" requirement of Section 1400(b). *Intellectual Ventures II LLC v. FedEx Corp.*, No. 2:16-CV-00980-JRG, 2017 WL 5630023, at *8 (E.D. Tex. Nov. 22, 2017) ("In assessing whether a defendant has committed an act of infringement within the District, an allegation of infringement—even if contested—is sufficient to establish venue is proper."). Indeed,

5

Defendants do not dispute this point. Indeed, their filings with the Texas Secretary of State explicitly state that they have manufactured and distributed the accused mattresses in this District. (Dkts. 31-9, 321-10, 31-11, 31-12 (indicating that each Defendant's principal office is located in Plano and that the purposes of Defendants' corporations are to manufacture, purchase, and distribute bedding products—*i.e.*, the accused Octaspring mattresses), Dkt. 31-21 (August 13, 2015 article from Furniture Today website indicating that Dormeo "entered the North American market in 2012" and that its "U.S. headquarters and distribution center is located in the Dallas suburb of Plano."); *see also* Dkt. 25-1 at ¶ 7 (admitting that Dormeo had an office and warehouse space in Plano), ¶ 14 (admitting that Top Shop TV leased office space in Plano.))

### 2. Defendants Had a Regular and Established Place of Business in This District When Infringing and Suit Was Filed a Reasonable Time Thereafter

Defendants' alleged infringement began in this District in 2012 when Dormeo entered the North American market to sell its infringing mattresses. (Dkt. 31-21.) Their alleged infringement continued in this District until no earlier than November 17, 2017, when they claim to have left the District. Defendants do not contest that from 2012 to at least November 17, 2017, they had a regular and established place of business in this District. They admit that defendant Top Shop entered into a lease for the Plano address in June 2012, which Dormeo used as an office and warehouse space. (Dkt. 25-1 ¶¶ 7, 14; Dkt. 25-2 at 1.) Moreover, in their May 2013 filings with the Texas Secretary of State, Top Shop, OOUSI, and OUSI all listed the Plano address as their "Principal Office"; Dormeo did so as well in its September 2015 filing. (Dkts. 31-9 to 31-12.) Defendants continued to identify the Plano address as their "Principal office," "Principal place of business," and/or "Mailing address" in other public filings in March 2016 and November 2017 as well. (Dkts. 31-13, 31-15, 31-17, and 31-19.) Defendants admit to having a physical presence in this District until at least November 17, 2017. (Dkt. 25-1 ¶ 7, ¶ 14.) Thus,

6

even accepting Defendants' assertions as true, it is undisputed that from June 2012 to November 2017, the Plano address was a physical, regular, and established place of business of Defendants. *In re: Cray*, 871 F.3d at 1360.

Plaintiff filed this action on March 27, 2018. (Dkt. 1.) Assuming without admitting that they left on November 17, 2017, venue in this District is proper because Plaintiff filed its suit within a reasonable amount of time thereafter—just under four months—after Defendants purportedly left this District. Filing suit 4 months after Defendants claim to have left the District is a far shorter period than the 21 month delay in *Personal Audio* and up to 18 month delay in *Infinity Computer Products, Inc. v. OKI Data Americas, Inc.*—the only two cases Defendants rely on to argue that Plaintiff's "delay" is unreasonable. By contrast, the 4 months at issue here are much more akin to the time periods that courts have deemed reasonable. *Welch*, 416 F.2d at 36 (37 day delay held reasonable); *ParkerVision*, slip op at 16-17 (two- to six-week delay held reasonable).

The timing of Plaintiff's complaint is even more reasonable in light of the public representations by Defendants that they had a physical location in this District when the complaint was filed and for weeks (even months) thereafter. Indeed, in March of 2018, *all the publicly available information about each of the Defendants obtained by Plaintiff indicated that they had a regular and established place of business in this District*. The only physical address advertised on Dormeo's website as of April 6, 2018—after Plaintiff filed this action—was the Plano address. (Dkt. 25-1 ¶ 23; Dkt. 31-8 at PDF pages 46, 47, 49, 56, 62.) The only address listed for each of the Defendants with the Texas Secretary of State and available to the public through the State's website as late as June 12, 2018—almost three months after the filing of the Complaint and the day after Defendants filed their motion to dismiss—was also the same Plano

7

address. (Dkts. 31-14, 31-16, 31-18, 31-20.) Further, Defendants' employees continued to represent in June 2018 that they work in the "Dallas/Fort Worth Area," at least suggesting that they continue to work in this District. (Dkts. 31-23, 31-24.) Thus, Plaintiff did not "delay" filing for any period; instead, it filed in this District based on Defendants' public representations that uniformly identified Defendants' primary location in this District. *See In re: Cray*, 871 F.3d at 1363-64 ("Marketing or advertisements" are also relevant to the venue analysis "to the extent they indicate that the defendant itself holds out a place for its business.") *Bd. of Regents v. Medtronic PLC*, 2018 WL 2353788, at *3 (W.D. Tex. May 17, 2018) (venue proper in district in part because defendants "represent[ed] that it ha[d] a place of business in the district" by having its name placed on a large sign on the exterior of a building in the district, and listing the address of that building on its website and other web-based directories).[3] In light of Defendants' representations, the timing of the complaint in this case is at least "reasonable."

### B. The Court Should Not Entertain Defendants' Motion to Dismiss Without Permitting Venue Discovery

If the Court considers granting Defendants' motion based on the present record, Plaintiff believes that it should be permitted to conduct limited venue discovery to investigate the contradictions between the Defendants' public representations and the assertions made in support of their motion. The Court should grant Plaintiff's Expedited / Emergency Opposed Motion for Leave to Serve Limited Venue-Related Discovery on Defendants, to Compel Defendants to Respond to that Discovery, and for Expedited Briefing (Dkt. 31) for the reasons discussed

---

[3] Defendants now claim that the website "mistakenly listed" the Plano address in March 2018. (Dkt. 25 at 10.) Prior to filing their motion to dismiss, the Defendants sent Plaintiff a declaration similar to the one they rely on now but making no mention of the website. Day Decl. Ex. A. Only after Plaintiff's counsel provided the website as part of the basis for filing in this District did Defendants' declarant assert that it was a mistake. And even in the revised declaration, Defendants' declarant does not assert that the many public filings with the State of Texas identifying the Plano address.

therein. Venue-related discovery could, for example, demonstrate that the Plano address was still a regular and established place of business of Defendants past November 17, 2017, thus making Plaintiff's supposed "delay" in filing suit even more reasonable under *Welch*. Such discovery could also show that Defendants maintained their presence at the Plano address after Plaintiff filed the Complaint in this case, thus establishing venue in this District even under Defendants' view of the law. Should the Court entertain granting Defendants' motion to dismiss, it should first permit Plaintiff to conduct limited venue discovery. *See, e.g.*, *EMED Techs. Corp. v. Repro-Med Sys., Inc.*, No. 2:17-CV-728-WCB-RSP, 2018 WL 2544564, at *1 (E.D. Tex. June 4, 2018) (noting that request for limited venue discovery had been granted for purposes of responding to defendant's motion to dismiss for improper venue).

### C. If the Court Ultimately Determines That Venue Is Not Proper in This District, It Should Transfer the Case

If the Court denies Plaintiff's motion to compel venue-related discovery and determines that venue is improper in this District, then Plaintiff requests that the Court transfer this case to the Southern District of Texas. Counsel for Defendants had previously asked Plaintiff to stipulate to transfer of this action to the Houston Division of the Southern District of Texas, and Defendants state that they currently maintain offices in Houston. Day Decl. Ex. A; Dkt. 25-1 ¶¶ 4, 12, 21.

### V. CONCLUSION

For the foregoing reasons, Plaintiff requests that the Court deny Defendants' motion to dismiss or, in the alternative, grant Plaintiff leave to conduct venue discovery to create a complete record for Defendants' motion.

Dated:  June 25, 2018	Respectfully submitted,


	By: */s/ Deron R. Dacus*
	Deron R. Dacus
	State Bar No. 00790553
	**The Dacus Firm, P.C.**
	821 ESE Loop 323, Suite 430
	Tyler, TX  75701
	Phone:  (903) 705-1117
	Fax:  (903) 581-2543
	ddacus@dacusfirm.com

	James L. Day
	California State Bar No. 197158
	**Farella Braun + Martel LLP**
	235 Montgomery Street, 17th Floor
	San Francisco, CA  94104
	Phone:  (415) 954-4400
	Fax:  (415) 954-4480

	Counsel for Plaintiff Level Sleep LLC

## CERTIFICATE OF SERVICE

The undersigned certifies that on June 25, 2018, the foregoing document was served via the Court's electronic filing system on all counsel of record.

Dated: June 25, 2018   */s/ Deron R. Dacus*
Deron R. Dacus
State Bar No. 00790553
The Dacus Firm, P.C.
821 ESE Loop 323, Suite 430
Tyler, TX  75701
Phone:  (903) 705-1117
Fax:  (903) 581-2543
ddacus@dacusfirm.com